## Graham *v.* Henderson, Appellant.

*Negligence—Master and servant—Automobiles—Extent of servant's authority—Conflicting evidence—Case for jury.*

1. Where the owner of an automobile after being driven to a hotel by his chauffeur lends his car to the chauffeur for the purpose of making a visit, and directs him to return to the hotel for the purpose of taking the owner home later in the evening, the chauffeur ceases to be a licensee and the relation of master and servant is resumed when the visit is accomplished and the chauffeur starts on the return drive to the hotel.

2. Where in an action to recover damages for personal injuries sustained by plaintiff in consequence of being struck by defendant's automobile, there was evidence, though contradicted, that defendant after being driven to a hotel for the evening, gave his chauffeur permission to take the car for an errand of his own, and that the chauffeur while returning in the car to the hotel for the purpose of taking defendant to his house ran into plaintiff and occasioned the injuries complained of, it was for the jury to determine whether or not the chauffeur was engaged in the business of his master at the time of the injury and a verdict for the plaintiff was sustained.

Argued Jan. 12, 1916.   Appeal, No. 117, Jan. T., 1915, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 4504, on verdict for plaintiff, in case of Thomas Graham v. John J. Henderson.   Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

138      GRAHAM *v.* HENDERSON, Appellant.

Verdict for plaintiff for $5,000.00 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing to enter judgment for defendant n. o. v.

*Alfred D. Wiler,* for appellant.

*Wm. B. S. Ferguson,* for appellee.

OPINION BY MR. JUSTICE STEWART, May 23, 1916:

The facts found by the jury with respect to the occurrence which is the subject of this action are as follows: the plaintiff received his injuries through the negligent act of the driver of the automobile which ran him down; the automobile which was being driven at the time was the property of the defendant, and the person driving it was the defendant's regularly employed chauffeur; the accident occurred while the driver was acting within the scope of his employment. No complaint is made as to the manner of the submission of the case to the jury, the single assignment being the refusal of the motion for judgment non obstante. The general facts surrounding the case, admitted or at least not controverted, are these: on the night of the occurrence the defendant and his family had been driven by the chauffeur from their home in Germantown to the Bellevue hotel in Philadelphia where they expected to spend the evening; the time appointed for their return home was about 12 o'clock; after the arrival at the hotel the chauffeur drove the car to the neighborhood of Twelfth street and Columbia avenue with a view to see his brother who resided in that section of the city; failing to meet his brother he started on his return, and it was when he was approaching Spring Garden street from 17th street that the accident occurred. The one controverted question in the case was whether in driving the car to make a call on his brother the chauffeur was acting under permission given by the

defendant, or acting in disregard of orders he had received as to the disposition of the car during the defendant's stay in the hotel. The defendant claimed, and so testified, that upon reaching the hotel he directed the chauffeur to park the car, and if the night proved cold to take it to a particular garage, and that he at no time had given permission to the chauffeur to otherwise use it. In this he was corroborated by the chauffeur. The plaintiff introduced evidence to show admissions made by the defendant that he had given the chauffeur permission to use the car to make a visit to his brother on the night in question. The truth with respect to this controverted question of fact entered very largely into the determination of the question of defendant's liability. If the chauffeur in using the car to make a visit to his brother was doing so, not only without the consent of the owner, but in disregard of the orders he had received, then it would follow that during the time he employed the car, down to the time he returned it to its proper place, the relation of master and servant between him and the defendant was wholly suspended, and the latter would not be liable for any negligence of his resulting in injury to a third party. If, on the other hand, permission had been given, while it might be argued that this also would result in an interruption of the relation of master and servant, a further question would require answer, namely, when was the relation resumed? for, whenever resumed, from that time forward the chauffeur in driving the car would be engaged about his master's business and not his own. Was the relation resumed at once upon his accomplishing his visit to his brother, and was the chauffeur thereafter in making his return drive acting as servant, performing a duty he owed the master because of the relation? or was he still a licensee of the car? We are of opinion that the license, if given, expired when the visit to the brother was accomplished, and that on the return drive, when the accident happened, the chauffeur was acting not on his own but on

his master's business. · First of all, it was necessary to determine what the fact was as to the condition under which the chauffeur took the car. This necessarily required a submission to the jury, and it was for the jury to say whether, under the facts as they found them to be, the chauffeur at the time of the accident was acting within the scope of his employment.

The judgment is affirmed.