## Vile v. Chalfant, Appellant.

*Negligence—Automobiles—Master and servant—Bailment—Master's employment.*

Where the owner of an auto truck hires it out to another person at a per diem compensation, furnishing a driver, gasoline and accessories, the owner will be liable for injuries caused by the negligent act of the driver after the bailee's work is completed, and the truck is being driven back to the owner's garage.

Argued Oct. 9, 1917.   Appeal, No. 197, Oct. T., 1917, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1916, No. 365, on verdict for plaintiff in case of Preston Vile v. Robert L. Chalfant.   Before OR-LADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

See Matlack v. Chalfant, supra.

The court charged in part as follows:

The first subject that arises in this case is whether or not the person who was driving this coal wagon was the servant of the defendant or whether he was the servant of somebody else.   If he was the servant of the defendant, then the defendant would be responsible for his negligence.   [It appears the relations between the parties was somewhat similar to that which exists between a livery stable keeper and a person who employs a hack and driver to carry him from one place to the other.]   (1)   In other words, the vehicle, in this case the coal cart, and the driver were employed by the sand company, under an arrangement which had existed some time, and the terms of which were that the coal company was to furnish such carts or coal wagons as were needed to the number called for daily.   It appears this wagon was called for upon an arrangement by which the defendant

Charge of Court below—Opinion of the Court. [69 Pa. Superior Ct.

here, Mr. Chalfant, or his firm, supplied the wagon and the driver, paid the driver, the driver reported there for orders, and got them, and the order being to go to the sand company, and when he got to the sand company his sole business was to carry sand or whatever else he was to carry for the sand company, to given points. It appears from the uncontradicted evidence that the sand company exercised no further control over the conduct of the driver, attempted in no other way to exercise it, except to direct where he was to carry the load. [It appears to ⌐e to be the undoubted conclusion from that, that when ⌐ ⸾ was hauling the sand, although the load belonged to the sand company, and the destination was selected by the sand company, the driver was transacting Mr. Chalfant's business. So far as that point is concerned I will say as a matter of law that if there was any negligence in this case by the driver at the scene of the accident, the driver being the defendant's servant, the defendant would be responsible for it. That relieves you of the consideration of that question.]    (2)

Verdict and judgment for plaintiff for $700. Defendant appealed.

*Errors assigned* were (1, 2) portions of charge as above (7) refusal to enter judgment for defendant n. o. v.

*W. W. Smithers,* for appellant.

*Victor Frey,* with him *Augustus Trask Ashton,* for appellee.

Opinion by Kephart, J., December 13, 1917:

The material change in the facts from the preceding case is that the injury occurred while the truck was being returned to the possession of the owner. Like the contract of hire in the previous case, the truck was sent daily from the owner's garage to the person who hired it. At the end of the day it was returned to the owner's

garage. The contract of bailment had its inception from the moment the truck was placed at the service of the hirer. That is when he started to use it in his business. He did not assume control of the operation of the car. That was a function apparently reserved to the appellant, but we need not discuss that feature of the case. Assuming for the purpose of this case that the sand company might be liable for anything that occurred between the time that the truck reached them and the time it departed for the owner's place of business, and that the contract of bailment caused the bailee in possession or control of the chattel to be liable for the negligence of the driver, that contract of bailment ended the moment the truck was started on its return trip under orders from the owner; from the moment he started under that direction the relation of master and servant was resumed, conceding that it had been superseded when the car was in the use of the hirer, and the master was responsible for the acts of the servant. This is clearly the effect of the decision of Graham v. Henderson, 254 Pa. 137, and it is in line with the authorities that there must always be a return of the subject-matter of the bailment, and this return took place when the hirer told the driver of the truck he had no further use for him that day and sent him home. When he left in obedience to the owner's direction to make the trip the truck was redelivered to the owner. We do not think that the court committed any substantial error in its charge as to the measure of damages. The loss of earnings was limited to three or four days. The instructions were not as full on this subject as they might have been, but the appellant had an opportunity to have them corrected. Not having done so, he cannot now complain.

The judgment of the court below is affirmed.