(83 South. 36)

## FLOWERS v. CITY OF BIRMINGHAM.*
(6 Div. 499.)

(Court of Appeals of Alabama. May 6, 1919. On Appellant's Application for Rehearing, June 3, 1919.)

**1. CRIMINAL LAW ☞304(12)—JUDICIAL NOTICE OF ORDINANCES IN CERTAIN CITIES.**

In a prosecution for violating an ordinance of city of Birmingham, a city of over 100,000 inhabitants, it was not incumbent upon the prosecution to set out the ordinance or its substance in the complaint, as Acts 1915, p. 297, § 7, requires courts to take judicial notice of ordinances of cities having such population.

**2. INTOXICATING LIQUORS ☞233(1) — EVIDENCE ADMISSIBLE IN PROSECUTION FOR SOLICITING ORDERS FOR LIQUORS.**

In action for violation of ordinance by soliciting or receiving orders for liquors, the sale of which is prohibited in the state, the prosecution, having a letter purporting to be an order from defendant to a named person for liquors to be sent to certain persons in city obtained by witness from defendant's office in his presence under a search warrant, might show that person addressed was engaged in liquor business in Chattanooga, and that shortly after date of letter the kind and quantity of liquors referred to therein were received by common carriers, billed to persons named therein.

**3. CRIMINAL LAW ☞1170½(1) — ADMISSION OF IMMATERIAL EVIDENCE HARMLESS ERROR.**

In prosecution for soliciting or receiving orders for liquors, the sale of which was prohibited in the state, any error in overruling defendant's objection and motion to exclude a witness' answer that "he told me he was" was without injury, where question related to consignor's status at time of trial, and not at time defendant's order for liquors was made out to him.

**4. CRIMINAL LAW ☞1170½(1)—ADMISSION OF IMMATERIAL EVIDENCE HARMLESS ERROR.**

In prosecution for soliciting or receiving orders for liquors the sale of which was prohibited in state, overruling of motion to exclude witness' answer that "he told me he was," was without injury, where, with such answer excluded, the positive statement of witness that consignor was in whisky business when alleged order was sent by defendant would have remained for the jury.

**5. CRIMINAL LAW ☞444 — EVIDENCE AS TO BOOK KEPT IN OFFICE WHEN HE WAS EMPLOYED ADMISSIBLE.**

In prosecution for soliciting and receiving orders for liquors the sale of which was prohibited in the state, testimony of a witness formerly in employ of the express company that book shown him was made in company's office while he was in charge, but that he did not make the book or do the writing therein, was not objectionable.

**6. CRIMINAL LAW ☞1129(3)—ASSIGNMENT OF ERROR TOO GENERAL FOR CONSIDERATION.**

An assignment of error in overruling a defendant's objection to the question set out on page 10 of the record, there being on that page six questions, three of which were objected to, all relating to the shipment of whisky, its receipt in Birmingham, and whether or not it was delivered, is too general to warrant consideration.

**7. CRIMINAL LAW ☞695(2) — GENERAL OBJECTION TO EVIDENCE INSUFFICIENT.**

In prosecution for soliciting or receiving orders for liquors the sale of which was then prohibited in the state, defendant's objection "to the introduction of each of said records" of two carriers in evidence was unavailable.

**8. CRIMINAL LAW ☞338(3)—EVIDENCE ADMISSIBLE IN CONNECTION WITH OTHER EVIDENCE.**

In prosecution for soliciting or receiving orders for liquors the sale of which was then prohibited, a letter or conceded copy thereof, ordering a nonresident consignor to deliver liquors to certain persons in city, was properly admitted in connection with the other evidence as to defendant's guilt.

**9. INTOXICATING LIQUORS ☞238(1)—SUFFICIENCY OF EVIDENCE IN PROSECUTION FOR SOLICITING ORDERS FOR LIQUOR, FOR JURY.**

Evidence, in a prosecution for the violation of an ordinance by soliciting or receiving orders for liquors the sale of which was then prohibited in the state, held to make a question for the jury.

**10. MUNICIPAL CORPORATIONS ☞643—ADDITIONAL SENTENCE TO HARD LABOR ON APPEAL FROM RECORDER'S COURT.**

Under Acts 1915, p. 304, § 29, providing that on an appeal from recorder's court wherein jury imposed only a fine, the judge, in addition, may impose an imprisonment in jail or to hard labor for city, etc., and under Birmingham City Code, providing that on a fine of not less than $50 or more than $100 there may be added imprisonment and hard labor on streets, court was authorized to sentence one convicted of misdemeanor by violation of ordinance to labor upon streets of city as an additional punishment.

## On Appellant's Application for Rehearing.

**11. CRIMINAL LAW ☞1133—APPLICATION FOR REHEARING FILED TOO LATE.**

Where judgment affirming a conviction was entered on March 18, 1919, and court on its own motion corrected judgment in so far as it related to sentence, leaving the judgment in all things affirmed, the defendant's application for a rehearing, filed May 20, 1919, complaining only of such matters as were disposed of by the judgment, and making no point as to correctness of sentence as affirmed, was filed too late, and would be stricken.

Appeal from Circuit Court, Jefferson County; H. B. Heflin, Judge.

J. Morgan Flowers was convicted of violating an ordinance of the City of Birmingham, and he appeals. Affirmed.

The information was laid in five counts, each charging a violation of the prohibition law; the first of section 2, Ordinance No.

325–C approved October 8, 1915, and published October 9, 1915, but the ordinance is not set out. Count two charges a violation of section 4 of the ordinance above referred to, but the ordinance is not set out. Count 3 charges a violation of section 13 of the same ordinance, but the ordinance is not set out. Count 4 charges a violation of section 6, and count 5 a violation of section 5 of the same ordinance, but the ordinance is not set out. No demurrers seem to have been interposed.

The following is the letter referred to:

January 19, 1917.

Dear Mr. Wray: I have made arrangements with the madame for you to ship the following orders at once and I will pay her. Send tickets to her. Mary Hill, 48 Magnolia, A. G. S. R. R. Birmingham ........................ $3.00
Ephriam Jackson, 2Q Wray's Rye Woodlawn ............................ 1.00
C. C. Wilson, 2Q Wray's Rye Woodlawn 1.00
Cato Vest, 2Q Wray's Rye Woodlawn... 1.00
Pearl Roscoe 2Q Wray's Rye Woodlawn 1.00
                                    ——
                                    7.20
This party wants this by Monday if possible.
Your friend,          J. Morgan Flowers.

The following are the assignments of error referred to:

(3) The court erred in overruling the defendant's objection to the questions to the witness McGill, "Do you know Mr. Wray of Chattanooga?"
(4) Question to the same witness, "Was he in the whisky business in January, 1917, a little more than 13 months ago?"
(5) Question to the same witness, "Is he in the whisky business?"

The eighth assignment of errors is as follows:

In overruling defendant's objection to the question set out on page ten of the record. (There are on that page six questions, three of which are objected to, all relating to the shipment of whisky, its receipt in Birmingham, and whether or not it was delivered.)

Erle Pettus, W. K. Terry and W. T. Stewart, all of Birmingham, for appellant.
Fred G. Moore and Jere C. King, both of Birmingham, for appellee.

BROWN, P. J. [1] Section 7 of the act approved August 28, 1915, requires courts to take judicial notice of ordinances and by-laws of cities in this state having a population of 100,000 or more according to the last or any succeeding federal census. Acts 1915, p. 297.

The ordinances of the city of Birmingham are in this class, and that upon which this prosecution is predicated provides:

"Any person who, within the city of Birmingham or the police jurisdiction thereof, solicits or receives any order for spirituous, vinous or malt liquors or any other liquors, or beverages prohibited by the law of the state to be sold, offered for sale or otherwise disposed of in this state, in any quantity to be shipped into the state, or to be shipped from one point in this state to another point in this state, shall be guilty of a misdemeanor; * * * and the taking or soliciting of such orders is within the inhibition of this section, although the orders are subject to approval by some other person, and no part of the price is paid, nor any part of the goods delivered when the orders are taken." City Code of Birmingham 1917, § 1398.

The court being required to take judicial notice of the ordinance, it was not incumbent on the prosecution to set out the ordinance or its substance in the complaint. Miles v. City of Montgomery, 81 South. 351.[1] This fact differentiates this case from that of Rosenberg v. City of Selma, 168 Ala. 195, 52 South. 742, and other authorities cited by appellant.

[2] The prosecution had in its possession a paper, conceded in brief of appellant to be a copy of a letter which it proposed to introduce in evidence (which will be set out by the reporter in the statement of facts), purporting on its face to be an order for liquors to be shipped to different persons in the city of Birmingham, addressed to a "Mr. Wray," and purporting to be signed by the defendant. This letter, or copy, is shown to have been obtained by one of the witnesses, while defendant was present, from the defendant's office in the city of Birmingham under a search warrant. In view of this fact, it was permissible for the prosecution to show that Wray was engaged in the liquor business in Chattanooga, and that within a day or so after the date of the letter the kind and quantity of liquors referred to in this letter were received by common carriers, billed to the persons named in the letter, and at the place designated in the letter. This evidence tended to show that the defendant had received from the named persons orders for liquor as charged in the complaint, and the court did not err in overruling the objections to questions made the basis of assignments of error 3 and 4.

[3, 4] If it was error for the court to overrule the defendant's objection to the question made the basis of the fifth assignment of error, and the motion to exclude the answer of the witness, "He told me he was," it was without injury for the reason that the question related to Wray's status at the time of the trial, and not at the time, according to the theory of the prosecution, that the order for the liquors was made. Still if it should be conceded that the answer related to the time of the alleged order, the ruling of the court on the motion to exclude was still without injury, because it was

[1] Ante, p. 15.

limited solely to this answer, and, with this answer excluded, the positive statement of the witness that Wray was in the whisky business at the time the alleged order was sent .would have remained unimpaired before the jury. If it had been disclosed by cross-examination or otherwise that this last answer related to the time of the alleged order, and that all the testimony of the witness was based upon hearsay, and if motion had been made to exclude it, a different question would be presented. Rawleigh Med. Co. v. Hooks, 16 Ala. App. 394, 78 South. 310.

[5] The testimony of the witness Rowland that he was not then, but formerly had been, in the employ of the express company, and that the book shown the witness was made in the office of the express company while witness was in charge of the office, and that the witness did not make the book nor do the writing therein, was not objectionable, and the defendant's objection thereto and motion to exclude was overruled without error.

[6] The only objection to questions appearing on page 10 of the record was made after the questions had been asked and answered. Moreover, assignment 8 is too general to warrant consideration. Claflin Co. v. Rodenberg, 101 Ala. 213, 13 South. 273.

[7] When the books and records of the Southern Express Company and the Alabama Great Southern Railroad Company were offered in evidence, the only objection made was thus stated: "The defendant objects to the introduction of each of said records being offered in evidence." Under the repeated rulings in this state, such objections are unavailing. Sanders v. Knox, 57 Ala. 80; Bates v. Morris, 101 Ala. 286, 13 South. 138; Jones on Evidence, § 893.

[8, 9] The letter or copy was properly admitted in connection with the other evidence in the case, and on this evidence the question of the defendant's guilt was for the jury, and the affirmative charge was properly refused to defendant.

[10] Section 29 of the act approved August 20, 1915, provides:

"On all appeals from recorder's courts of such cities, when the same are tried by jury and where the jury shall impose a fine only upon the person convicted, the judge presiding shall be authorized in his discretion to impose ad-ditional punishment by way of imprisonment in the city jail, or other place of confinement, or hard labor for the city, as is or may be authorized by law or ordinance for such offense." Acts 1915, p. 304.

And section 1415 of the Code of the city of Birmingham provides:

"Any person, firm, corporation or association violating any preceding section of this chapter shall, upon conviction, be punished by a fine of not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00), to which may be added imprisonment and hard labor upon the streets or public works, or house of correction of the city for not exceeding six months; provided that no female shall be required to work upon the streets of the city."

Under this statute and the ordinance of the city, the court was authorized to impose the sentence to hard labor upon the streets of the city, as an additional punishment for the offense, and section 1217 of the Code of 1907, and Clark v. City of Uniontown, 4 Ala. App. 264, 58 South. 725, are not applicable to this case.

There is no error in the record.

Affirmed.

### On Appellant's Application for Rehearing.

PER CURIAM. [11] The judgment affirming the judgment of conviction was entered on March 18, 1919, but the sentence was set aside and the cause remanded for resentence. On March 28, 1919, the appellee applied for a rehearing, but for failure of compliance with rule 38 (77 South. vii), requiring appellees to file a brief within ten days after submission, that application was stricken. The court, however, of its own motion, corrected the judgment in so far as it related to the sentence, leaving the judgment in all things affirmed. On May 20, 1919, the appellant filed this application for rehearing, complaining only of such matters as were disposed of by the judgment of March 18th, no point being made as to the correctness of the sentence as affirmed. From this statement it clearly appears that the appellant's application for rehearing comes too late, and an order will be entered, striking the same from the file.

Application stricken.