(89 South. 729)

### EDWARDS v. EARNEST. (6 Div. 148.)

(Supreme Court of Alabama. April 7, 1921.)

**1. Pleading ☜6—Plaintiff need not aver ordinance judicially noticed.**

Under Gen. Acts 1915, p. 297, § 7, requiring courts to take judicial knowledge of ordinances of cities of 100.000 or more inhabitants, it is not necessary for plaintiff, averring injury by defendant operating automobile in violation of City Code of Birmingham, to allege that the ordinance was in force at the time plaintiff received her injuries.

**2. Municipal corporations ☜706(1)—Allegation that defendant's vehicle when it struck plaintiff or "immediately" prior thereto was operated in violation of ordinance held sufficient.**

An allegation that defendant's automobile at the time it struck plaintiff "or just immediately prior thereto" was being operated along a public street in violation of an ordinance, in that it traveled at excessive speed, when construed with the balance of the complaint, manifestly means a very few seconds before the moment of the collision as against the objection that the word "immediately" was relative, and designated no exact portion of time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediately.]

**3. Appeal and error ☜1040(7) — Sustaining demurrer to pleas harmless, where covered by other pleas remaining.**

Sustaining demurrer to some of defendant's pleas was immaterial, where he received benefit of matter sought to be set up in such pleas by a remaining plea, demurrer to which was overruled.

**4. Master and servant ☜332(2)—Automobile truck driver's "scope of employment" held question for jury.**

Where defendant's automobile truck driver, sent on an errand of three blocks, attended to the errand and then went several blocks to his mother's home to carry goods to her, and on returning when near his employer's place,

and not during his deviation from the course required by his errand, struck and injured plaintiff, it was a jury question as to whether he was within the scope of his employment; that being a term not susceptible of accurate definition, but one to be gathered from surrounding circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Scope of Employment.]

**5. Trial ☜127—Counsel's reference to defendant's insurance held error.**

Where it was defendant's contention that he was not liable for his driver's injury to plaintiff because the driver was deviating from his line of employment, argument of plaintiff's counsel that defendant would have scorned such an idea had it been the truck that was injured and he had been trying to collect from the insurance company, and referring on objection to the fact that one T. was in the insurance business and went with defendant to the hospital to see plaintiff, was error, and was not excused as being used by way of illustration only.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Venoah Earnest against W. S. Edwards, for damages for personal injuries sustained in an automobile accident. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Percy, Benners & Burr, of Birmingham, for appellant.

The count based on the city ordinance was demurrable, in not averring that the ordinance was in full force and effect at that time (174 Ala. 631, 56 South. 578), and in averring the violation of the ordinance immediately before the happening of the accident (17 Ala. 89; 124 Ala. 681, 26 South. 252; 54 South. 426). Under the facts in this case the master was not liable. 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. Rep. 670; (C. C.) 152 Fed. 481; 33 R. I. 531, 82 Atl. 388; 133 Ark. 327, 202 S.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

206 ALA.—1

W. 229, L. R. A. 1918D, 115; 214 N. Y. 586, 108 N. E. 853, L. R. A. 1916A, 954, Ann. Cas. 1916A, 656. The remarks of counsel constituted a valid ground for a motion for new trial. 203 Ala. 486, 84 South. 266.

Black, Altman & Harris, of Birmingham, for appellee.

Courts take judicial knowledge of the city ordinances of Birmingham. Acts 1915, p. 297; 17 Ala. App. 138, 83 South. 36; 17 Ala. App. 15, 81 South. 351. The wanton count was good. 179 Ala. 356, 60 South. 833. The master was liable under the facts in the case. 85 Conn. 111, 81 Atl. 969; 191 Mo. App. 105, 179 S. W. 55; 91 Wash. 637, 158 Pac. 529; 227 Mass. 1, 116 N. E. 246; 166 Mo. App. 685, 150 S. W. 1128; 41 R. I. 1, 102 Atl. 612; 254 Pa. 231, 98 Atl. 872; 74 Or. 327, 144 Pac. 1153, 145 Pac. 660; 177 Mo. App. 130, 164 S. W. 236; (Mo. App.) 190 S. W. 62; 198 S. W. 874. In any event the question was a jury question. 201 Ala. 138, 77 South. 562; 201 Ala. 261, 77 South. 675; 201 Ala. 174, 77 South. 700; 183 Ala. 346, 61 South. 77; 166 Ala. 666, 52 South. 43; 158 Ala. 627, 48 South. 362, 20 L. R. A. (N. S.) 958. There was no error in the argument of counsel. 60 Ala. 474; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 200 Ala. 308, 76 South. 78; 201 Ala. 333, 77 South. 995; 16 Ala. App. 158, 80 South. 158; 204 Ala. 514, 86 South. 23, 12 A. L. R. 238.

GARDNER, J. Mrs. Venoah Earnest (plaintiff in the court below), while walking near the intersection of Avenue F and Twenty-First street in the city of Birmingham, was struck by an automobile truck, the property of the defendant, and operated at the time by a young man named Robinson, who was then in defendant's employ; and this suit was brought to recover damages for the injuries sustained. Plaintiff recovered a judgment in the sum of $5,000, from which defendant prosecutes this appeal.

The cause was tried upon counts 2 and 3, the general issue and plea of contributory negligence. Count 2, after averring the operation of the motor vehicle by defendant's servant or agent upon the public highway in the city of Birmingham, ran against plaintiff and knocked her down, causing injuries, then alleges:

"And plaintiff avers that the said motor vehicle at the time it struck plaintiff, or just immediately prior thereto, was being operated along the public highway of the city of Birmingham in violation of section 1842 of the City Code of Birmingham 1917, in this: That said motor vehicle was then and there being operated recklessly or at a rate of speed greater than is reasonable and proper, having regard for the width, traffic conditions and use of the said highway at said place, or so as to endanger the life or limbs of any person using the said highway at said point or place and time."

[1] It is insisted the demurrer to this count should have been sustained for its failure to aver that the ordinance was in force at the time plaintiff received her injuries, under the authority of B. R., L. & P. Co. v. Fuqua, 174 Ala. 631, 56 South. 578. That decision was rendered prior to General Acts 1915, p. 297, § 7, requiring courts to take judicial knowledge of ordinances of cities of population of 100,000 or more, and therefore is without application here. This assignment of demurrer was properly overruled. Flowers v. City of Birmingham, 17 Ala. App. 138, 83 South. 36, and authorities there cited.

[2] The further insistence is made that the alternative averment, "or just immediately prior thereto," was insufficient to show a violation at the time of the injury, and the argument is made that the word "immediately" is of relative signification, and never employed to designate an exact portion of time, citing McLure v. Colclough, 17 Ala. 98, where it was said this word is used with more or less latitude by universal consent according to the subject to which it is applied. The language used must be given an interpretation in keeping with sound reason and common sense, and construed in connection with the other language of the complaint. When so construed it manifestly means a very few seconds before the moment of collision, and we are well satisfied as to the sufficiency of this averment.

Count 3 was a wanton count, and the sufficiency of its averments is likewise brought into question. It is conceded by counsel for appellant that the count is substantially in the form of the complaint held good in Yarbrough v. Carter, 179 Ala. 356, 60 South. 833, but it is argued that this authority is erroneous and should be overruled. We have given careful consideration to the argument attacking the Yarbrough Case upon this point, but are unwilling to depart therefrom. The holding relates merely to a question of practice, and while we are satisfied with the holding, yet were it of doubtful soundness we would hesitate to disturb the decision upon such a question, especially when it has doubtless been followed for many years by the bench and bar.

[3] We are inclined to the view that pleas 3 and 6 were subject to the demurrer interposed thereto, but whether so or not, we are persuaded defendant received the full benefit of the defense sought to be set up therein by plea 7, as to which demurrer was overruled.

[4] Defendant requested the affirmative charge upon the theory that at the time of the accident Perry Robinson, the driver of the truck, was acting without the line and scope of his employment. Defendant was engaged in the automobile business at 213 South Twenty-First street in Birmingham,

and Robinson was in his employ as stockroom clerk, and on this occasion had left defendant's place of business with the auto truck to get some inner tubes from the Perry Supply Company, about 3½ blocks north of defendant's place, which errand was within the line of his duties and the scope of his employment. He procured the tubes, then went to a grocery store, purchased some sugar for his mother, and carried it to her home, which was not on the way between the supply company and defendant's place, but was about 8½ blocks from the supply company, and 7 blocks from defendant's place. The trip for sugar and its delivery to his mother were without defendant's permission or knowledge. After delivering the sugar to his mother Robinson proceeded to the shop with the inner tubes, down Twenty-First Street, and this accident occurred at Avenue F and Twenty-First street. The argument is made that under this proof the court should declare as a matter of law that the driver was at the time of the accident acting without the line and scope of his employment, and the employer exempt from liability therefor.

We are persuaded, however, it was a jury question, and properly left by the court to their determination. The following cases, cited and relied upon by counsel for appellant, have been carefully examined, and the conclusion reached that each is distinguishable from the instant case, or not out of harmony with the conclusion here reached: Healey v. Cockrill, 133 Ark. 327, 202 S. W. 229, L. R. A. 1918D, 115; Reilly v. Connable, 214 N. Y. 586, 108 N. E. 853, L. R. A. 1916A, 954, Ann. Cas. 1916A, 656; Colwell v. Ætna Bottle Co., 33 R. I. 531, 82 Atl. 388; Danforth v. Fisher, 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. Rep. 670; Patterson v. Kates (C. C.) 152 Fed. 481.

The general rule applicable is well understood, and the difficulty arises upon its application to varying circumstances.

"The terms 'course of employment' and 'scope of authority' are not susceptible of accurate definition. What acts are within the scope of employment can be determined by no fixed rule, the authority from the master generally being gatherable from the surrounding circumstances." 26 Cyc. 1533.

In Healey v. Cockrill, supra, the following quotation from Ritchie v. Waller, 63 Conn. 155, 28 Atl. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361, there designated as the leading case upon the subject, is quoted with approval:

"In cases where the deviation is slight and not unusual, the court may, and often will, as matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury or other trier of such questions."

True, in the instant case, the driver deviated from the employer's business when he procured the sugar and delivered it to his mother, and the extent of such deviation and effect thereof would be necessary here to be discussed and determined had the accident occurred in the progress of this mission. Such, however, is not the case, and we confine our discussion and holding to the particular situation here presented. The driver in the instant case had delivered the sugar to his mother, and was then on Twenty-First street in the direction of and on his way to defendant's shop, with the inner tubes that he had been sent for, when the accident occurred. From the evidence here outlined, upon this feature of the case the jury could infer that, notwithstanding the deviation from the master's business, the object sought thereby had been accomplished, and the driver had resumed the business of the master, and at the time of the injury was acting within the line and scope of his employment. The following authorities fully support this conclusion, and we cite them, but without intending to commit this court to all that is said therein: McKiernan v. Lehmaier, 85 Conn. 111, 81 Atl. 969; Donahue v. Vorenberg, 227 Mass. 1, 116 N. E. 246; Graham v. Henderson, 254 Pa. 137, 98 Atl. 870; Gibson v. Dupree, 26 Colo. App. 324, 144 Pac. 1133; Chaufty v. De Vries, 41 R. I. 1, 102 Atl. 612. An examination of the case of Dowdell v. Beasley, 205 Ala. 130, 87 South. 19, cited by appellant's counsel, discloses a state of facts unlike those here presented, and that authority does not militate against the conclusion here reached.

[5] During the closing argument to the jury, counsel for plaintiff spoke in part as follows:

"Now, gentlemen of the jury, let us turn the case around; suppose instead of this unfortunate woman being hurt the truck had been hurt or smashed, and the defendant had tried to collect from the insurance company for the injury or damages to his truck, and Mr. Throckmorton had told him that they were not liable because the truck, at the time it was injured, was not being used in the business of defendant, but was being used by this boy on a frolic of his own, why they would have pooh-poohed the idea."

Defendant's counsel interposed objection to this argument upon the ground there was no evidence that Throckmorton had insurance on that car, to which plaintiff's counsel replied:

"I won't withdraw that, because the evidence shows without objection that Mr. Throckmorton was in the insurance business and went with Mr. Edwards. Now whether he was the man that had the insurance. * * *"

Defendant's counsel renewed the objection, and requested the court to instruct the jury that it was an improper argument, and, in response thereto, the court said:

"As I recall it, there is no evidence in this case of any insurance on that car, and I so instruct the jury and ask them to disregard any statement to the contrary."

The foregoing was assigned as a ground for motion for new trial, which motion was denied. Upon this motion it appeared that following the foregoing argument and objection and ruling of the court, counsel for plaintiff stated to the jury:

"That is merely an illustration, my point is— if somebody else had made the claim, whether you use it in an insurance application or not, that is not the point."

In this connection it is well to note that in qualifying the jury plaintiff's counsel requested the court to qualify the jurors as to their interest in the Georgia Casualty Company, and this was done; the court asking the jurors whether or not any of them were stockholders in or employés of said company. Upon the examination of plaintiff's sister, it developed that defendant went to the hospital to see the plaintiff, and a Mr. Throckmorton accompanied him. The defendant testified that Throckmorton was a friend of his, and was at his place of business when the accident was reported, and went out with him (defendant) to see the plaintiff, but went with him as a friend. Throckmorton was in the real estate and insurance business at the time.

The question is whether or not the argument falls within that class of argumentative statements which are grossly improper and highly prejudicial, and whose evil influence and effect cannot be eradicated from the minds of the jury by any admonition of the trial judge, or, if so, whether or not in fact it has been done. This court recognized in the Gonzalez Case, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543, that there is no horizontal rule by which we may be governed to determine these qualities; but each case is to be decided upon its own merits, much depending upon the issues, parties, and general atmosphere of the case. Courts are established that justice may be evenly administered, and causes tried upon their merits, free from passion and prejudice. Upon this particular character of argumentative suggestions this court has very recently given expression in Standridge v. Martin, 203 Ala. 486, 84 South. 266, as follows:

"There can scarcely be made to a jury a more seductive and insidious suggestion than that a verdict for damages against the defendant before them will be visited, not upon that defendant, but upon some invisible corporation whose business it is to stand for and pay such damages. Such a suggestion, once lodged in the minds of the jury, is almost certain to stick in their consciousness, and to have its effect upon their verdict, regardless of any theoretical exclusion of it by the trial judge. In such cases the obvious, and indeed the only, remedy is to set aside the verdict and order another trial."

In the remarks of counsel there was the suggestion, though slightly veiled, that not only did defendant carry liability insurance, but also that Throckmorton, the insurance agent, who was a friend, went with defendant to the hospital, was the agent of the company. The fact that the language is by way of illustration detracts nothing from its effectiveness with the jury. Objection interposed was met with a still more positive attitude on the part of counsel, and was calculated to add to the harmful effect. If it could be said the injurious effect was capable of eradication by admonition from the trial judge, we are persuaded the language used, as heretofore noted, did not suffice for this purpose. This court has in the Standridge Case placed particularly its stamp of earnest disapproval upon arguments of this character to the jury, and we are convinced, in the light of our authorities upon this question in connection with the circumstances herein outlined, that the motion for a new trial should have been granted, and for its refusal the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.