## Funston v. Ingenito.

*Negligence—Automobiles—Ownership by defendant—Declarations — Evidence—Control of driver—Operation of machine.*

1. In an action for damages for negligent operation of an automobile where defendant denies ownership of the car, it is competent to prove his ownership by declarations made by himself after the accident.

2. Where the owner of an automobile hires it out with a driver, and the driver has entire control over the driving and operation of the car, the lessee merely directing where it shall go, the driver is the agent of the owner, and the latter is liable for the negligence of the driver in the operation of the car.

Rule for a new trial and motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., March T., 1922, No. 7697.

*F. Carroll Fow,* for plaintiff; *Richard A. Smith,* for defendant.

MARTIN, P. J., April 30, 1924.—On Jan. 11, 1922, plaintiff, seventy-four years of age, employed as a gateman on the Passyunk Avenue Bridge, was seriously injured while engaged in the performance of his duty.

The bridge operator testified that the draw in the bridge was about to be opened to permit the passage of a boat, that plaintiff closed the gates, of which he was in charge, to stop traffic over the draw, and was stooping to put in a pin to hold the gates together, when an automobile operated by a man named Grasso smashed through the gates, hit plaintiff, wedged him between the gate and the street, and threw him under the gate.

The testimony to prove the ownership of this automobile and by whom Grasso was employed is conflicting. Defendant first admitted the car was his, but subsequently swore it belonged to his brother, and that Grasso, the chauffeur, did not enter defendant's employ until a few days after the accident.

It was testified that Mrs. Pichalski, an undertaker, having a funeral to conduct on Jan. 11, 1922, arranged to hire five automobiles from Goodman, a liveryman, that he did not have enough cars of his own to fill the order and called the office of defendant and arranged with defendant's wife, who answered the 'phone, to send two automobiles to Goodman's garage. Grasso was the chauffeur of one of these automobiles. When the automobiles arrived, Goodman looked them over to see that they were presentable, and sent them on to the house where Mrs. Pichalski conducted the funeral. Persons attending the funeral were taken in the automobiles from the house to church, from there to the cemetery and back to the house. The chauffeurs were directed where they were to go by Mrs. Pichalski and persons in her employ, but she gave no other orders and did not attempt to control the chauffeurs. She paid Goodman the hire for the cars, and he paid the defendant for the two cars. While returning from the cemetery, carrying persons who attended the funeral to the house from which the funeral started, the accident happened.

If the jury believed the testimony of the witness who testified that he saw the automobile driven by Grasso hit plaintiff, there was direct proof that Grasso was guilty of negligence. There was no evidence of contributory negligence on the part of plaintiff.

Although defendant finally denied that he owned the automobile and that Grasso was employed by him at the time of the accident, he admitted that the automobile carried his license number and that Grasso entered his employ a few days after the accident.

There was testimony that defendant stated after the accident that Grasso was in his employ on the day of the accident, and was out on his business on that particular day, and for that reason he signed the bail bond for Grasso's

release when arrested; that Grasso had been in his employ for two years, and was employed on that particular day in his business when the accident occurred. Defendant denied making these statements, but the jury was justified in refusing to believe him and the other witnesses he produced, whose testimony they were convinced was false.

The conflicting evidence was submitted to the jury in a careful charge.

Defendant asked for binding instructions. The request was refused.

The verdict was in favor of plaintiff. Damages were assessed in the sum of $7000, which was not an excessive amount to compensate plaintiff for the serious and permanent injuries suffered by him.

He was required to prove, to entitle him to a verdict, that Grasso was the servant of defendant, engaged at the time of the accident on defendant's business with the defendant's knowledge and acting under his direction: Lotz *v.* Hanlon, 217 Pa. 339.

There was testimony that defendant, in explaining why he was interested to become bondsman for Grasso, stated Grasso was in his employ on the day of the accident and out on his business on that particular day. The verdict must be taken as establishing the fact that these statements were made by defendant, and that they truly stated the ownership of the automobile, and that Grasso was employed by him and engaged in an act in furtherance of defendant's business at the time of the accident, notwithstanding testimony to the contrary submitted by defendant at the trial.

The accident was caused by Grasso's negligence while transacting the defendant's business of furnishing transportation to the persons attending the funeral. That Grasso was employed by defendant and was acting as his agent, it was competent to prove by declarations made by the defendant after the accident: Treon *v.* Shipman & Son, 275 Pa. 246.

If the evidence of these declarations raised a fair inference that the automobile was owned by defendant and operated in connection with his business, whether the presumption that it was so operated was overcome by defendant's denial and other testimony offered by him, was exclusively within the province of the jury to determine and pass upon the credibility of the witnesses: Williams *v.* Ludwig Floral Co., 252 Pa. 140.

The testimony produced by defendant in the effort to prove that he was not the owner of the automobile and that Grasso was not employed by him at the time of the accident, or engaged in his business and acting within the scope of his employment, was of a character that failed to impress the jury with its verity.

Defendant was in the undertaking business and furnished the two automobiles for the funeral conducted by Mrs. Pichalski from the house of a Mrs. Forch.

Mrs. Pichalski testified that she simply hired certain cars from Mr. Goodman; she did not supply chauffeurs or gas or oil, and had no control over the chauffeur. All she did was to take the people who were interested in the funeral to a certain place and then return them home. She was not in the car and did not tell the chauffeur how to drive it.

The case is ruled by Matlack *v.* Chalfant, 69 Pa. Superior Ct. 49, in which it was held: "Where an owner of auto-trucks hires them out at a *per diem* compensation, furnishing driver, oil, gasoline and accessories, and the driver is under the control of the owner during the entire period of hire, while the bailee cannot discharge the driver and had no authority over him, except to direct the place to which he shall drive, the owner is liable for an injury caused to a third person by the negligent act of the driver, occurring during

4 D. & C.

the period of hire, if the bailee has not interfered with the operation of the truck." To the same effect is the case of Vile v. Chalfant, 69 Pa. Superior Ct. 53.

The injury to the plaintiff was caused by the negligent operation of the automobile. The jury found that it belonged to defendant, was operated by an employee of the owner, and that the accident happened while he was engaged in his employer's business.

And now, to wit, April 30, 1924, the rule for new trial is discharged and the motion for judgment refused, and it is ordered that judgment be entered upon the verdict in favor of plaintiff.