(124 So. 737)

**BAKER v. RAINER. (2 Div. 948.)**

Supreme Court of Alabama. Nov. 21, 1929.

See, also, ante, p. 201, 124 So. 740.

208

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Hobbs, Craig & Brown, of Selma, for appellee.

**GARDNER, J.** Plaintiff was a passenger guest of defendant, when, en route from Selma to Montgomery, the car overturned, resulting in injury to plaintiff and other occupants of the car. Defendant was the owner and driver of the car, and judgment was recovered in plaintiff's behalf upon a count declaring on simple negligence. The same accident resulted in injury to Mrs. Belzora R. Elebash, and the evidence as to the facts material for recovery was substantially the same. In the Elebash Case (Ala. Sup.) 124 So. 739,[1] we have held the question of defendant's negligence was properly submitted to the jury upon evidence tending to show a too sudden turn of the wheel to the right, and also the speed of the car (60 miles per hour, according to one witness) at a curve in the road while meeting another car. The same tendencies of the evidence are present in the instant case. But additional facts tending to show negligence are here presented.

When the car first began to swerve, two of the witnesses testify that the speed was increased, and one witness states that when defendant pulled the car to the left the last time "she threw up her hands off the wheel." No obstructions are shown to have been in the road, which was amply wide for the free passage of the cars, and we think the jury could infer from the evidence that the origin of the trouble was in defendant unnecessarily driving too far to the right around a curve at a rapid speed and causing the two right wheels to run into the soft earth by the side of the graveled roadbed, thus originating the swerve of the car. But enough has been said indicating our judgment that the question of defendant's negligence was properly submitted to the jury for determination.

Nor can we see any cause for complaint on defendant's part that the question of plaintiff's contributory negligence was also submitted to the jury. Plaintiff's evidence tends to show she discovered nothing in the driving or operation of the car as to attract her attention indicating any carelessness on

[1] Ante, p. 198.

defendant's part, or that there was any danger, either real or apparent. Plaintiff states that she paid little, if any, attention to the speed of the car, estimated by some of the witnesses at 50 miles per hour.

The defendant's car was a rather heavy one (Lincoln sedan) being driven on a graveled road, and we think it clear the jury could infer that such a speed in such a car under the circumstances was not sufficient to have brought to plaintiff any knowledge or apprehension of danger, or placed upon her any duty of remonstrance or warning to the driver.

The court properly refused the affirmative charge requested by defendant.

■ The action of the court in denying defendant's motion for a mistrial and a discharge of the jury is the next assignment presented in brief. The jury had been selected, and court adjourned to the following morning; the trial not having further progressed. Upon reconvening of the court the next morning, the jury being removed from the room, defendant offered the above-noted motion, sworn to by counsel to the best of his knowledge and belief. The foundation of the motion was the publication of an article in the local paper commenting upon another case growing out of the same accident as here involved, and in which article reference was made to counsel for defendant and also to the insurance company carrying the policy. We gather from the language of the motion that the jurors were subscribers to the paper, and that the papers reached them as such. Whether any juror read the article through, or, if so, gave any notice to that particular objectionable part, is left to conjecture.

It appeared without dispute that neither plaintiff nor her council had any knowledge of a participation of any kind in the publication of the article; its appearance in the paper being their first information thereof. The court offered to have the jury brought in and examined and again qualified. Defendant's counsel objected, and the examination was not had. An examination may have developed that the jurors did not read that particular issue of the paper, or, if so, did not read this article, or, if reading the article, did not read it in its entirety, including the alleged prejudicial matter. All of this, of course, rests in speculation. Appellant lays stress upon Standridge v. Martin, 203 Ala. 486, 84 So. 266, an authority frequently approved and reaffirmed by this court. Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Metropolitan Life Ins. Co. v. Carter, 212 Ala.

212, 102 So. 130. But we think what has here been said as to this question suffices to demonstrate that these authorities are inapplicable under the circumstances here presented. As the matter stands, we are unable to find that the trial court abused its discretion in denying the motion.

■ Plaintiff had known defendant only a short time. Defendant had been driving a car since 1915, and states she considered herself a good driver, and no evidence was offered to the contrary. The charge, the refusal of which is the basis of the seventh assignment of error, was therefore misleading and confusing, if not positively erroneous, and there was no error in its refusal.

■ In discussing the refusal of the affirmative charge, enough was said to indicate our view that no error was committed in refusing the charge made the basis of the thirteenth assignment of error.

■ The charge, the basis of the fourteenth assignment of error, pretermits the question of ordinary care and skill of an ordinarily prudent person, and also pretermits any negligent conduct of the driver just preceding the skidding of the car.

As we read this record, the claim for damages to the nervous system was stricken by amendment to the complaint made at the conclusion of the case, but such claim formed a part of the complaint at the time the evidence was offered, which forms the foundation of assignment 24 and 25. Upon this amendment being made, the trial judge fully instructed the jury in reference thereto favorably to defendant. At the time the evidence was offered, therefore, it was proper under the pleadings as then presented, and whether or not it would have been otherwise proper need not be considered.

■ The defendant, without objection, testified in detail as to the accident, including of course the first indication that something was wrong, and in no event could any prejudicial error have intervened in the rulings of the court on the evidence as complained of in assignments of error 31 and 32.

We have considered the assignments of error with due care and find nothing justifying a reversal of the judgment of the court below. The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.