148 So.2d 640

**Frank L. SALZMANN, III,**

**v.**

**William Fred BOND, Jr.**

**6 Div. 765.**

Supreme Court of Alabama.

Jan. 10, 1963.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Hare, Wynn & Newell, Birmingham, for appellee.

LAWSON, Justice.

This is an appeal by Frank L. Salzmann, III, from a judgment rendered against him in favor of William Fred Bond, Jr., in a personal injury action. Bond was injured while riding as a guest of Salzmann in the latter's automobile.

The cause went to the jury on a wanton count and a plea of the general issue in short by consent in the usual form.

Reversal is sought on the assertion that the trial court erred in failing to declare a mistrial and in failing to grant a new trial because of certain remarks made by counsel for Bond in argument to the jury.

Mr. Newell, one of the attorneys who represented the appellee, Bond, in the trial below, in his closing argument to the jury said, in part:

"He says we are champions of hindsight. Maybe it is a little catty; he did make a remark about me being a Plaintiff's lawyer. When somebody jumps on lawyers in my kind of business, it is a little catty. And I wrote down here, *company lawyers are champions of excuses; that is what Mr. Norman is.* When I come up I run into excuses. It is just not wantonness, it is negligence." (Emphasis supplied.)

At this point Mr. Norman, counsel for the defendant, moved for a mistrial. The trial court did not rule on the motion until after the argument had been concluded. The record contains the colloquy between the court and counsel for the parties at the time the motion for mistrial was considered and it reflects the fact that the trial court was somewhat disturbed by the use of the term "company lawyer" by Mr. Newell in that no "company" was a party litigant and the word "company" might be considered by the jury as referring to an insurance company.

Mr. Newell pointed out to the court that he had not used the word "insurance" and that his argument was in reply to the argument made by Mr. Norman. Counsel for plaintiff suggested that the jury be instructed to disregard the word "company" and to consider Mr. Norman not a company lawyer but as the defendant's lawyer. This suggestion did not meet with Mr. Norman's approval. He made no effort to have the court instruct the jury in any respect in regard to the statement which he considered so prejudicial.

At the request of the court, the court reporter read to the court that part of Mr. Norman's argument which Mr. Newell contended prompted his argument set out above. The court reporter read:

"MR. NORMAN. * * * And I am thinking further that you gentle men in wondering about this situation

... are not going to set yourself up on a pedestal, and you are not going to say with hindsight I could have done this and I could have done that with hindsight. *And I think in a vote that the lawyers have led the whole field in being champions of hindsight.* I don't think anybody could beat them there. * * *" (Emphasis supplied.)

Thereupon the trial court overruled the motion for mistrial.

The record does not positively show that Mr. Norman accused only plaintiff's lawyers as being "champions of hindsight" but the colloquy between the court and counsel clearly indicates that such was the nature of his remarks.

Mr. Norman's characterization of plaintiff's lawyers was such we think to justify a reply in kind by Mr. Newell, counsel for defendant. But Mr. Newell did not simply say that defense lawyers are champions of excuses. He said that such was the case with "company lawyers." And as we have shown no "company" was a party to this litigation and the use of that word has caused all the trouble.

The effect of Mr. Newell's remarks was that Mr. Norman, as a company lawyer, was a champion of excuses. Since the jury had been qualified as to their ownership of stock in a certain insurance company, counsel for the defendant asserts that the jury was led to believe by Mr. Newell's remarks that Mr. Norman was representing that company.

But that is a matter of speculation. As we have shown, the word "insurance" was never used and we believe that this was a case where the trial court could have alleviated any harmful effect by an instruction to the jury. But the defendant opposed this procedure.

 Each case of this kind must be decided on its own merits, much depending upon the issues, parties, and general atmosphere of the case. Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A.L.R. 1387.

 The trial judge, although much concerned about the remark, obviously felt that it was not sufficiently injurious to warrant a mistrial or new trial. In view of the fact that the record discloses facts which leave little room for doubt as to the matter of liability and the reasonableness of the verdict, $7,500, we do not feel inclined to disturb the action of the trial court.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.