(79 South. 370)

**W. T. SMITH LUMBER CO. v. McLAIN.**

(3 Div. 336.)

(Supreme Court of Alabama. June 6, 1918. Rehearing Denied June 29, 1918.)

1. APPEAL AND ERROR ☞1078(1)—REVIEW—WAIVER OF ASSIGNMENTS.

The review of the Supreme Court must be restricted to rulings complained of by the assignments of error insisted upon in the brief filed for appellant on submission of the appeal.

2. EVIDENCE ☞243(2) — DECLARATION BY AGENT OR EMPLOYÉ — RECITAL OF PAST TRANSACTION.

An agent or employé cannot bind his principal or employer by a recital—not of the res gestæ of the event—of a past act or transaction.

3. MASTER AND SERVANT ☞270(9) — INJURIES TO SERVANT—EVIDENCE.

In a servant's action for injuries while replacing a wedge on a planing machine, testimony of the employer's foreman as to his prior harmless experience in replacing the wedge while the machinery was running was material and relevant.

4. WITNESSES ☞388(5) — CONTRADICTION—LAYING PREDICATE.

In servant's action for injuries, plaintiff's question to foreman whether he had not stated that same gear caught his sweater, designed to elicit testimony warranting introduction of evidence contradictory of foreman, who had testified sweater had been caught some time before in making different repair, was proper.

5. DAMAGES ☞64 — EVIDENCE — INDEMNITY OF DEFENDANT.

On trial of action for damages, evidence that defendant is indemnified against pecuniary loss because of injury to plaintiff, or that a representative or an attorney of an insurance company is defending or directing the defense of the action, is inadmissible.

6. APPEAL AND ERROR ☞1060(1) — HARMLESS ERROR—CONDUCT OF COUNSEL—CURE.

In servant's action for injuries, where no statement was made before jury that defendant was indemnified, and person inquired about represented employer, and not insurer, while court instructed that side remarks of counsel were not to be considered, and plaintiff's counsel emphasized denial that person represented insurer, instruction, with statement person did not represent indemnitor, obviated prejudice to employer.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Action by E. G. McLain against the W. T. Smith Lumber Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lane & Lane, of Greenville, Page & McMillan, of Brewton, and Stevens, McCorvey & McLeod, of Mobile, for appellant. Powell & Hamilton, of Greenville, for appellee.

McCLELLAN, J. [1] Action for damages by employé (appellee) against the employer (appellant). The only assignments of error insisted upon in the brief filed for appellant on the submission of the appeal are those numbered 3, 4, and 5, which relate to rulings on objections to the admission of evidence and to the remarks of counsel for plaintiff, as will appear from the quotation to be made from the bill of exceptions. Hence the review of this court must be restricted to these matters. L. & N. R. R. Co. v. Holland, 173 Ala. 675, 693, 696, 55 South. 1001; Jebeles, etc., v. Booze, 181 Ala. 462, 62 South. 12; Dickens v. Dickens, 174 Ala. 354, 355, 56 South. 809; Rosenau v. Powell, 184 Ala. 396, 399, 63 South. 1020; W. U. Tel. Co. v. Emerson, 14 Ala. App. 247, 69 South. 335; Hamilton v. Cranford, 201 Ala. 403, 78 South. 401.

The counts of the complaint that were submitted to the jury ascribed plaintiff's injury to a defect in the condition of the ways, works, etc. (Code, § 3910, subd. 1), or a breach of defendant's common-law duty to afford plaintiff a reasonably safe place in which to perform his work.

According to phases of the evidence, the plaintiff's arm was torn off while he was engaged in replacing a "wedge" to stabilize the "guide" on a planing machine. This "guide" served to so hold the lumber against the knives of the planer as to produce a uniform operation and a uniform result. He testified that the "wedge" moved; that, in the absence of J. M. Pulaski, foreman, it was his duty to replace it; that he ordered the machine stopped; that it was stopped; that while he was in the act of replacing the "wedge" the stationary machine involuntarily started, and the cogs caught his sleeve and drew his arm into the moving mechanism, causing his great injury.

J. M. Pulaski, foreman, was examined as a witness for the defendant. On his cross-examination this occurred:

"I have set that wedge. When this wedge came out, I just set it back to its place and drove it in with a hammer. I did not stop the machine. I just stuck it to its place and tapped it with a hammer. I did not stop the machinery, I did it when it was running. I was

foreman. It caught my sweater several years ago, not while I was doing that. You did not ask me if it caught my sweater while I was setting that wedge. It caught my sweater when I got over that gear to raise that side head. It was raised with a hand rod, and I reached over it, and it caught my sweater; my own carelessness. I was careless at that time, but I have not been any more. I did not say I had been foreman there for 20-odd years."

Thereupon the plaintiff's counsel propounded to the witness the following question:

"Question: At the infirmary at Georgiana, on the evening of the accident, and after Mr. McLain had been carried down there, didn't you state, in the presence of John Pope and Mr. McLain there, that either on that day or the day before the same cog or gear caught your sweater, and if it ·hadn't been rotten it might have caught you?"

The defendant objected to the witness answering the said question, on the ground that it called for immaterial and incompetent evidence. This objection of the defendant was overruled by the court, to which action of the court the defendant then and there in open court duly and legally excepted. The witness answered:

"I did not tell them it caught me the day before. I did not make that statement to them. It caught me all right, but not the day before. A man could stick his arm around in a way to get it in there. It would not have caught him anyway, if he hadn't put his arm to it."

The ruling of the court on the objection to the question propounded is made the subject of the third assignment of error.

[2-4] If the quoted question propounded to this witness could be disassociated from the testimony given by him as disclosed in the above quotation from his cross-examination, the allowance of the question, notwithstanding defendant's objection, would seem to be indubitable error, because of the settled rule that an agent or employé cannot bind the principal of the employer by a recital—not of the res gestæ of the event—of a past act or transaction, as illustrated in L. & N. R. R. Co. v. Carl, 91 Ala. 271, 272, 9 South. 334, and Sou. Ry. Co. v. Reeder, 152 Ala. 227, 236, 44 South. 699, 126 Am. St. Rep. 23, and cases cited in them. As appears, the question cannot be disassociated from the matter, testified to by the foreman, preceding it. The witness stated that he had replaced the "wedge" while the machine was running; that this act did not cause his clothing to catch in the mechanism. There was no objection to this testimony. The plaintiff's claim of right to recover involved the immediately opposed theory that to replace the "wedge" exposed the operative to the danger of having the sleeve of his clothing caught in the mechanism, drawing into it the operative's arm. Since the relevancy or materiality of evidence to the issues on a trial does not depend upon which one of the parties litigant offers or seeks to offer it, the harmless experience of the foreman (the witness Pulaski) in replacing the "wedge" while the machinery was running was material, was

202 ALA.—3

relevant, and in this instance operated, if credited by the jury, to contradict one of plaintiff's theories of liability. The failure of the defendant to object to the admission of this feature of the foreman's testimony justified the assumption—if at all necessary to the proper decision of the objection to the quoted question to the foreman—that the foreman's harmless experience in replacing the "wedge" while the machinery was running was within the contemplation of rules accurately restated in Sou. Ry. Co. v. Lefan, 195 Ala. 295, 70 South. 249 (headnotes 1 and 2). The question under consideration was designed to elicit testimony that would warrant the introduction of evidence contradictory of the foreman in the particular indicated. This the plaintiff was entitled to do; the matter being, as stated, neither immaterial nor irrelevant. There was no error in overruling the defendant's objection to the question. Necessarily the court did not err in permitting the plaintiff to show, within the predicate laid, that the foreman did make the statement attributed to him in the question quoted ante.

Mr. McGowin, secretary and treasurer of the defendant, was examined and cross-examined. Immediately upon the conclusion of his testimony the bill of exceptions shows this to have occurred:

"After the witness had come from the stand and taken his seat with the lawyers, the following occurred: Mr. Hamilton, one of the counsel for the plaintiff, said: 'I do want to ask you a question: Who is that gentleman sitting by your side?' Mr. Paige, one of the counsel for the defendant, said: 'We object; we think that is very unfair, and the gentleman knows it is incompetent and illegal. I have introduced him to Mr. Hamilton, I will state, and we object to who the gentleman is.' The court thereupon remarked: 'Gentlemen, the remarks of counsel are not to be considered in the case.' Mr. Hamilton said: 'I just want to know if he don't represent the insurance company—I am not the witness—I just want to know whether you represent the insurance company or the W. T. Smith Lumber Company.' Person sitting by Mr. McGowin answered: 'I represent W. T. Smith Lumber Company.' Mr. Hamilton continued: 'He says he don't represent the insurance company; he represents the W. T. Smith Lumber Company.' Mr. Powell, one of the attorneys for the plaintiff, thereupon said: 'Then, if it is to be excluded, we move to exclude what the gentleman said about representing the W. T. Smith Lumber Company.' Judge Lane, one of the attorneys for the defendant, remarked: 'This is very unfair.' The court, turning to the jury, said: 'Gentlemen, the side bar remarks made by counsel on both sides are not evidence in the case, and are not to be taken as influencing you either one way or another in arriving at what you believe to be the truth because what you decide from the testimony in this case is to be taken from the evidence as it comes to you from the witness stand.' The defendant thereupon rested its case."

Subsequently, before the jury was instructed by the court, or retired, the bill of exceptions records this:

"The defendant thereupon stated to the court as follows: 'There is another motion we want to present to the court at this time. We think

the attempt of counsel to inject into this case the insurance proposition which took place on yesterday—' The court remarked: 'That was all excluded on yesterday.' Counsel for the defendant, continuing, stated: 'We want to bring to the attention of the court this proposition: There is one decision, to say the least of it, handed down by the Supreme Court of this state, wherein they have held that matters got before the jury in that manner, while excluded by the court, were nevertheless before the jury, and the only object and purpose of such testimony could be to prejudice the jury intentionally against the defendant, and that was there, and, notwithstanding the fact that the court had instructed the jury on it, nevertheless it was incumbent upon the defendant to ask the court to take this case from the jury and declare a mistrial. We think the poison has been put into this case by the counsel for the plaintiff in their attempt to inject into it the young gentleman behind us and the insurance proposition, to such an extent as that this is a case that should be taken from the jury and a mistrial declared, and we now move the court to that effect.' Counsel for the plaintiff thereupon stated: 'So far as this is concerned, we, as counsel for the plaintiff in this case, in the presence of the jury and of your honor, disclaim any effort to inject anything illegal in this case. We understand that was simply incidentally brought out. *There was some circumstances that this gentleman took some witnesses to the office of the attorneys,* and the question in reference to his representing the insurance company, I understand, has been excluded, and we want—we ask your honor to most specifically instruct the jury that all statements with reference to him representing the insurance company is to be excluded, and not to be considered by the jury at all, and everything that took place with reference to that, all of it, the evidence, is entirely excluded from the jury.' The court thereupon stated: 'I did that on yesterday.' Mr. Hamilton, one of the counsel for the plaintiff, thereupon stated: 'I would like to make this statement: This gentleman stated to me that he represented the W. T. Smith Lumber Company, and denied he was representing the insurance company. I don't want any disagreement about what took place between him and me.' The court thereupon overruled the defendant's motion to take this case from the jury and declare a mistrial. To which action of the court the defendant, then and there, in open court, duly and legally excepted." (Italics supplied.)

The allusion in the italicized part of the above quotation was to this feature of Foreman Pulaski's testimony:

"I have talked to Mr. Paige [attorney for defendant] and Mr. McGowin [secretary of defendant]. I thought you were talking about outside people. I talked to Mr. Paige about it when he was at Chapman. I don't remember the day I talked to him about it; I believe yesterday. Some of the plaintiff's witnesses were up to the defendant's attorneys' office to meet the attorneys. I went with them up there to talk with the lawyers and Mr. McGowin. I took them up there and told them they sent for them. Question: You knew what I asked you a while ago, didn't you? Now, they didn't tell you to take the defendant's witnesses up there, did they? That they wanted to talk to our witnesses? Answer: They did not. Question: What did they say? Answer: They didn't. Question: Who did? Answer: I can't call the man's name. Question: You have a good recollection. Is he in this room? Answer: .Yes, sir. Question: Point him out to me? Answer: That's him right there. Question: This man? Answer: Yes, sir. Question: Mr. McGowin, or this gentleman next him? Answer: The next

one over there. Question: He represents the insurance company? Answer: I don't know. Question: Is he in this case? Answer: I do not know whether he is or not."

[5] It is insisted for the appellant that the motion to withdraw the case from the jury and enter a mistrial should have been granted, because the occurrence recited in the foregoing quotation bore to the jury the highly improper and ineradicable suggestion that the defendant enjoyed indemnity from pecuniary loss if adjudged liable in damages to this plaintiff. It is also insisted that the motion for new trial should have been sustained. It is generally held, and so in this jurisdiction, that on a trial of an action of damages evidence that the defendant is indemnified against pecuniary loss because of injury to the plaintiff or to the intestate, or that a representative or an attorney of an insurance or indemnifying company is defending or directing the defense of the action, is inadmissible. Watson v. Franklin, 187 Ala. 490, 497, 498, 65 South. 528, Ann. Cas. 1916E, 565; Akin v. Lee, 206 N. Y. 20, 99 N. E. 85, Ann. Cas. 1914A, 947, and note; Simpson v. Foundation Co., 201 N. Y. 479, 95 N. E. 10, Ann. Cas. 1912B, 321, 325; Coe v. Van Why, 33 Colo. 315, 80 Pac. 894, 3 Ann. Cas. 553 and note; Viou v. Brooks Lumber Co., 99 Minn. 97, 108 N. W. 891, 9 Ann. Cas. 318, 321–323 (where some qualification of the general rule may be found stated), and note on pages 323, 324.

The reason for the rule is that such matters have no possible legitimate relation to the issues on the trial. This court has held, in accordance with the weight and reason of the authorities, that a plaintiff may have the court ascertain whether the defendant is indemnified against pecuniary loss, with the view to determination of the qualification of jurors to serve on the trial, provided, always, good faith characterizes the plaintiff's purpose and action in the premises. Citizens' Light Co. v. Lee, 182 Ala. 561, 62 South. 199; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74, 78, and cases there cited. See, also, the ample notes in the Annotated Cases above noted.

[6] The extended, complete quotations taken from the record disclose more clearly than could be done by any epitomizing recitation what was in fact said, the probable effect produced by the remarks and the impression made, and the quality and effectiveness of the remedial action taken in the premises. It is quite plain that the court made no ruling adverse to the appellant in respect of this matter, except in declining to withdraw the case from the jury and in overruling the motion for new trial. If reversible error intervened, it was either in declining, upon motion, to withdraw the case from the jury, or in overruling the motion for new trial. To so pronounce, the conclusion must be deduced and accepted that

what occurred subjected the jury's mind to an ineradicable impression of prejudice to the right of the defendant to a fair and impartial trial. These deductions from the quoted record appear to be fully justified: (a) That no affirmative statement was made in the presence of the jury that the defendant was indemnified against pecuniary loss consequent upon plaintiff's injury; (b) that the "person" in question was not the representative of an "insurance company," but, to the contrary, was the representative of the defendant; (c) that the court advised the jury, quite generally, it is true, that the "side bar" remarks of counsel were not to be considered by them in discharging their duty in the premises; and (d) that counsel for plaintiff, in the presence of the jury, earnestly disclaimed the entertainment of any improper purpose, and emphasized the denial that the "person" in question represented an insurance company. In the particular circumstances disclosed by the quoted record, this court is of the opinion that a fair conservatism requires the conclusion that the instruction given the jury by the court—in connection with the positive statement that the "person" in question did not represent an indemnitor, and in the absence of statement or assertion that the defendant was indemnified—removed all possibility that the defendant's right to a fair and impartial trial was infringed or impaired. The recent announcement of this court in Clark, etc., Co. v. Bailey, 201 Ala. 333, 77 South. 995, 997, expressed a judgment in accord with the conclusion now prevailing.

There is no merit in the assignments of error insisted upon in the brief. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.