196 So. 720

**HEFFELFINGER v. LANE.**

**7 Div. 633.**

Supreme Court of Alabama.

June 6, 1940.

Beddow, Ray & Jones, of Birmingham, for appellant.

Knox, Dixon & Dixon, of Talladega, for appellee.

FOSTER, Justice.

The complaint is based on a claim of negligence in running an automobile over plaintiff's intestate in a public road where he had a right to be.

The court overruled demurrers to pleas 7, 8 and 10, on account of which plaintiff took a nonsuit, and seeks to review the ruling.

The ruling as to all pleas is treated by appellant as being dependent upon the same principles of law. Without undertaking to quote them, they all rely upon allegations that plaintiff's intestate negligently or voluntarily placed or caused himself to be placed in a dangerous position in the highway exposed to the danger of cars using the highway, and knowing of the danger from so doing, which negligence proximately and directly contributed to his injuries and death.

The point made in argument and raised by the demurrer is that the pleas do not show a proximate connection between the alleged negligence of plaintiff's intestate and the injuries causing his death, but only show a condition on which defendant's negligence operated.

But this loses sight of the effect of the allegations of the pleas that such alleged conduct of plaintiff's intestate was known by him to expose himself to the danger of being run over by other cars operating and using the same highway. We have often recognized the principle that one does more than to create a condition when he knows that such condition is dangerous as respects certain other conduct liable to occur. When that situation is negligently or voluntarily created, and the dangerous event occurs such as was foreseeable, resulting in injury, the one creating such danger is a proximate contributor to it, though defendant may be such an one also. The dangerous condition, which appellant's intestate is alleged to have created negligently, must continue to be so to the time of the accident, and thereby concur with the act of defendant inducing the result, if the decedent is held to have proximately contributed to the accident. Louisville & Nashville R. Co. v. Maddox, 236 Ala. 594, 183 So. 849, 118 A.L.R. 1318; Clendenon v. Yarbrough, 233 Ala. 269, 171 So. 277.

662

The pleas here in question properly interpreted have that meaning. That is, that admitting defendant's negligence, the deceased was concurrently negligent also. Those pleas are sufficient whether the evidence shows subsequent negligence by defendant or primary negligence. The principle of subsequent negligence or last clear chance is but an element of causation. In either event, the negligence of decedent must be a concurrent contributing factor existing and efficient at the very time of the accident. The pleas so allege. The facts stated with that allegation are sufficient to that end. To sustain them as an answer to evidence of primary negligence decedent must have known he was putting himself in a dangerous position, and negligently allowed such danger to continue till the accident. As an answer to subsequent negligence, if proven, the evidence must show that decedent became conscious of impending danger of being run over by defendant, and then neglected to use due diligence to extricate himself. In either event, his negligence, if proven, was a proximate contributing cause concurrent with that of defendant. Those principles have been repeatedly mentioned and applied in our cases. Birmingham R. L. & P. Co. v. Aetna Acc't. & L. Co., 184 Ala. 601, 64 So. 44; Louisville & N. R. Co. v. Scott, 222 Ala. 323, 132 So. 29; Central of Georgia Rwy. Co. v. Blackmon, 169 Ala. 304, 53 So. 805; 5 Am.Jur. 778, section 490.

While the count is in terms for simple negligence, it may be sustained by proving either primary or subsequent negligence. And the pleas rely on proximate contributing negligence of decedent. Whether that requires proof of primary contributory negligence or subsequent contributory negligence depends upon whether the negligence of defendant is shown by the evidence to be the one or the other. But it is alleged in the pleas to be a proximate contributing cause, and such allegations are sufficient to require proof that decedent's negligence was a concurrent factor existing at the very time of the accident. The ruling of the court was to this effect, and it is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.