48 So.2d 216

### LOUISVILLE & N. R. CO. v. SUNDAY.
### 3 Div. 542.

Supreme Court of Alabama.
Oct. 19, 1950.

Steiner, Crum & Weil, of Montgomery, and McMillan, Caffey & McMillan, of Brewton, for appellant.

302

H. C. Rankin, of Brewton, for appellee.

LAWSON, Justice.

This action was originally filed by Century Sunday, as administrator of the estate of Mary Ann Sunday, deceased, under the wrongful death or homicide statute, § 123, Title 7, Code 1940, against the Louisville & Nashville Railroad Company.

The amended complaint upon which the case was first submitted to the jury contained six counts. The first, third, and fourth ascribed the death of Mary Ann Sunday to the negligence of the agents or servants of defendant, acting within the line and scope of their employment. The second count charged willful and wanton conduct on the part of defendant's agents or servants or employees while acting within the line and scope of their employment. The fifth count charged corporate participation in the alleged negligent act. The sixth count ascribed the death to subsequent negligence.

The defendant pleaded the general issue, not guilty, to all of said counts and contributory negligence to the simple negligence counts.

There was verdict for plaintiff. From a judgment following the verdict, the defendant railroad company appealed to this court.

We reversed the judgment of the trial court and remanded the cause. Louisville & N. R. Co. v. Sunday, 248 Ala. 597, 28 So.2d 796. The reversal was predicated on the holding that the defendant was entitled to the general affirmative charge as to Counts 2, 5 and 6, and on the further holding that the trial court erred in defining wantonness in the oral charge. As to those counts in the complaint charging simple negligence, we held that "the question as to whether the defendant's agents or employees were guilty of negligence proximately causing the death of plaintiff's intestate was, under the evidence, for the jury as was the question of contributory negligence." 248 Ala. 601, 28 So.2d 798.

While the cause was pending in this court, Century Sunday died. After remandment, Mildred Sunday was issued letters of administration de bonis non on the estate of Mary Ann Sunday, deceased. It was ordered that the suit filed by Century Sunday, as administrator, survive, continue and proceed in the name of Mildred Sunday, as administratrix de bonis non of the estate of Mary Ann Sunday, deceased, as the substituted and succeeding party plaintiff.

After remandment, the complaint was amended so as to contain only two counts, both charging simple negligence.

Verdict was for the plaintiff in the sum of $5,000. Judgment was in accord with the verdict, and from that judgment this appeal is prosecuted by the defendant railroad company.

It is first insisted that the action of the trail court in overruling the demurrers of defendant necessitates a reversal.

In a complaint such as is under consideration here, it is not necessary to allege the names of the agents, servants or employees of defendant or that their names are unknown to the plaintiff. Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370; Western Railway of Alabama v. Turner, 170 Ala. 643, 54 So. 527. Hence the demurrer taking that point was not well taken. The case of Southern Ry. Co. v. Cunningham, Adm'r, 112 Ala. 496, 20 So. 639, relied upon by appellant's counsel, is distinguished in Shelby Iron Co. v. Morrow, supra.

Demurrer of defendant challenged the complaint on the ground that for aught appearing plaintiff's intestate was a trespasser and, hence, the complaint shows no duty owed by the defendant to the plaintiff's intestate, the breach of which would enable the plaintiff to recover for simple negligence.

In cases of this character, the complaint need not define the quo modo, or specify the particular acts of diligence omitted. Yet when simple negligence constitutes the cause of action, it is incumbent upon the plaintiff to bring himself within the protection of the negligence averred by alleging such a relationship as would enable him to recover for initial negligence; that is, that he was not a trespasser, and where, construing a complaint most strongly against the pleader, it appears that the injured person was a trespasser at the time of the injury, the complaint is bad as against apt demurrer. Gadsden & A. U. Ry. Co. v. Julian, Adm'r, 133 Ala. 371, 32 So. 135; Southern Ry. Co. v. Forrister, 158 Ala. 477, 48 So. 69; Southern Ry. Co. v. Smith, 163 Ala. 174, 50 So. 390; Louisville & N. R. Co. v. Holland, 164 Ala. 73, 51 So. 365; Central of Georgia Ry. Co. v. Blackmon, 169 Ala. 304, 53 So. 805; Birmingham Ry., Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013; Empire Coal Co. v. Martin, 190 Ala. 169, 67 So. 435; Rush v. Central of Georgia Ry. Co., 223 Ala. 119, 134 So. 619; Louisville & N. R. Co. v. Rogers, 242 Ala. 448, 6 So.2d 874.

But the averments of both counts in this case show that plaintiff's intestate was not a trespasser at the time of her injury, in that it is alleged in both counts that she was injured while crossing defendant's railroad tracks at the place described. Since she was crossing the tracks at the time of her injury, at the place described, she was not a trespasser, even though such described crossing was not a public crossing. Louisville & N. R. Co. v. Sullivan, 244 Ala. 485, 13 So.2d 877; Louisville & N. R. Co. v. Johnson, 201 Ala. 611, 79 So. 43; Lloyd v. Central of Georgia Ry. Co., 200 Ala. 694, 77 So. 237; Birmingham Ry., Light & Power Co. v. Jones, 153 Ala. 157, 45 So. 177. We express no opinion as to whether or not the crossing described in the counts of the complaint can be said to be a "public" crossing.

We point out that the evidence was without dispute that plaintiff's intestate was killed by one of defendant's trains at a public crossing in the town of Flomaton. This fact was known to defendant at time of trial. It made such admission in answer to interrogatories. Witnesses for defendant, as well as those for plaintiff, fixed the place of the accident at a public crossing. This was the theory upon which the case was tried. Charges given at the request of the defendant railroad company fixed the place of the accident at a public crossing in the town of Flomaton. So. even if there had been error in overruling the demurrer last considered, it would be error without injury under the rule of the following cases: Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693; American Ry. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507; Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Birmingham Southern Ry. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417.

It is earnestly insisted by counsel for appellant that the undisputed evidence shows that intestate was guilty of contributory negligence and that, therefore, the trial court erred to a reversal in refusing the general affirmative charge, with hypothesis, as requested by defendant.

The testimony on the second trial was in all material respects the same as that given on the first trial and which is

set out in the opinion on former appeal. We have carefully considered the evidence and adhere to the conclusion reached on former appeal that the question as to whether defendant's agents or employees were guilty of negligence proximately causing the death of plaintiff's intestate was for the jury, as was the question of contributory negligence.

■ Defendant's charge No. 7 was refused without error. It was abstract, inasmuch as there is no evidence to the effect that deceased was walking in a path which paralleled the railroad tracks and from such path stepped in front of the engine, and the charge is subject to that construction. All of the evidence is to the effect that deceased was walking across the series of tracks at the time she was hit. Moreover, charge 5, given at the request of defendant, substantially and fairly covered the rule applicable to the facts of this case.

■ W. F. Booker, a witness for plaintiff, testified on direct examination that the only person he saw on the engine at the time of the accident was the engineer. He stated that he did not see a flagman, brakeman or anyone else on the front of the tender. On cross-examination the witness stated that at the time of the accident the fireman was at a hotel near the tracks, drinking coffee. On further cross-examination, it was developed that the witness did not know the fireman and that his statement that he saw him in the hotel was based on the statement of others. Counsel for defendant made no effort at that time to have such statement excluded on the ground that a witness cannot testify to facts as to which his knowledge is derived from unsworn statements of others. On re-direct examination, the witness repeated what he had said on cross-examination to the effect that he had seen the fireman in the hotel. At this point counsel for defendant moved to exclude such statement on the ground that it was based on what someone had told the witness. This motion was overruled. We think the motion came too late. Nunn Battery Co. v. Battery Mfg. Co., 239 Ala. 96, 194 So. 182.

We are not persuaded that we should disturb the amount of the verdict in this case, which was fixed by the jury and approved by the trial court.

The judgment is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.