52 So.2d 200

## BIRMINGHAM ELECTRIC CO. v. CARVER.

### 6 Div. 166.

Supreme Court of Alabama.
Feb. 22, 1951.

Rehearing Denied April 26, 1951.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Clifford Emond, of Birmingham, for appellee.

FOSTER, Justice.

The primary contention made on this appeal is with respect to a charge of contributory negligence given for defendant. The suit is for personal injuries received by plaintiff in a collision of plaintiff's automobile with a bus owned by defendant on a street in Birmingham.

The suit was submitted on count "A", a simple negligence count and "B" a wanton count. The pleading was in short by consent. There was a verdict and judgment for defendant, and a new trial was granted. This appeal is from the judgment granting the new trial.

The charge of contributory negligence is in the following language: "If you are reasonably satisfied from the evidence in this case that plaintiff was himself guilty of negligence which proximately contributed to cause his injuries and damages on the occasion complained of, you cannot return a verdict for the plaintiff under count A of the complaint." Consideration of this charge will be given on the assumption that the evidence made a question for the jury as to the subsequent negligence of defendant. The specific inquiry is whether such a charge of contributory negligence is applicable to a count which includes subsequent negligence and there is evidence from which subsequent negligence may be found by the jury.

■ In order to analyze that question, it is necessary for us to go back to the basic principle on which a count merely charging simple negligence on the part of the defendant may be sustained by proof of subsequent negligence in a proper case. The proper case is that the subsequent negligence of the defendant is a proximate contributing cause of the injury and damages to the plaintiff. For in that event, negligence being shown, it matters not whether it is primary negligence or subsequent negligence in so far as the duty of the plaintiff to prove negligence by the defendant is concerned. The reason why subsequent negligence may be shown in such a count is because the count alleges that the negligence of the defendant was the proximate cause of his injury. Mobile Light and Railroad Co. v. Gadik, 211 Ala. 582(4), 100 So. 837. It may be the proximate cause whether it is primary or subsequent. Therefore it is included in the complaint.

■ We come to the question of what contributory negligence is an answer to a simple negligence count, which includes subsequent negligence. It seems clear to us the answer is that an allegation that plaintiff was guilty of negligence in performing a certain duty, which proximately contributed to his injury, is as much an answer to that feature of the count which includes subsequent negligence as to that feature which includes primary negligence.

■ The whole question of last clear chance or subsequent negligence or the humanitarian doctrine, as it is sometimes called, is one of causation. We so observed in the case of Heffelfinger v. Lane, 239 Ala. 659, 196 So. 720, where we were not dealing with pleas which were in short by consent, the complaint charged merely negligence of defendant in running an automobile over plaintiff's intestate, proximately causing his death. At that time the pleas of contributory negligence were required by our decisions to specify the facts upon which the claim of contributory negligence was predicated. The pleas undertook to do that, but they did not state that the plaintiff's intestate was aware of impending danger where he was and that he negligently failed to extricate himself from it. They did allege that he was run against in a public highway, which he knew in general was dangerous, but they did not allege that he had any information as to the imminence of the danger, which is necessary in order to sustain a claim of subsequent contributory negligence. We observed that those pleas were sufficient whether the evidence shows subsequent negligence by defendant or primary negligence, and that "the principle of subsequent negligence or last clear chance is but an element of causation. In either event, the negligence of decedent must be a concurrent contributing factor existing and efficient at the very time of the accident." It was held that the pleas well set up the defense of contributory negligence, both to the claim of primary negligence and subsequent negligence which was included in the complaint.

In the case of Salter v. Carlisle, 206 Ala. 163, 90 So. 283, 284, we gave consideration to that question. There were negligence and wanton counts. The negligence counts did not in express terms charge subsequent negligence. The court instructed the jury with respect to subsequent negligence, and in that connection the court gave certain written charges at the request of the defendant to the effect that if plaintiff was

guilty of negligence in the least degree which proximately contributed to her injury then they cannot find a verdict for the plaintiff. The count charging wantonness was not submitted to the jury. This left before them counts charging simple original or primary negligence and subsequent negligence. According to the charge above mentioned, the court noted that the phraseology is not to be approved and might have been refused without error. But in view of the fact that the defense of contributory negligence was pleaded in short by consent, they were properly given, .the Court observing that "It stated the law of contributory negligence in general. Here plaintiff sought to recover on a charge of subsequent negligence as already explained. To counts so alleging plaintiff's cause of action, as well as to count 1, this charge 10 correctly applied the law of contributory negligence." Evidently the theory upon which that ruling was made was that to which we referred, that the question of last clear chance or subsequent contributory negligence is one of proximate causation. In that case the pleading was in short by consent and, therefore, it was not necessary to state the circumstances upon which defendant relied to show that contributory negligence was a proximate contributing cause of her injury.

■ It is well settled by the decisions of our Court prior to Rule 37 that no acts of contributory negligence, not specially pleaded, can be proved or made the predicate for a verdict for the negligent party. Central of Georgia R. R. Co. v. Pope, 221 Ala. 145, 127 So. 835; Centennial Ice Co. v. Mitchell, 215 Ala. 688, 112 So. 239; Byars v. Hollimon, 228 Ala. 494, 153 So. 748.

Our Rule of Practice 37, Code 1940, Tit. 7,.Appendix, in the circuit court of law, has simplified pleading contributory negligence. It went into effect on June 18, 1942. We find the cases which require the plea of contributory negligence to specially plead the facts upon which the negligence is predicated is thereby changed so that in such pleading "no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the acts, omissions, conduct, or behavior relied on as constituting negligence."

But even so, it was held in Pankey v. City of Mobile, 250 Ala. 566, 35 So.2d 497, that an allegation in a plea of contributory negligence was insufficient under Rule 37 if, after alleging facts showing a duty to plaintiff, it merely alleged that she was guilty of negligence which directly or proximately contributed to her fall. It was held to be a mere conclusion. The same objection to a complaint charging negligence would be well taken. The complaint or plea should allege that the alleged duty, specifying it, was negligently breached without the need of specifying the details constituting the breach. Prior to Rule 37, the plea must allege in addition to the above the particular manner in which it was breached. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388.

■ With respect to a count in a complaint charging negligence, it is sufficient to allege only the facts and circumstances from which the law imposes a duty to the plaintiff, and then a general charge of negligence *in performance of that duty* without a statement of the particular manner in which it was negligently performed. 15 Alabama Digest, Negligence, ☞111(1), pages 336, 337. To illustrate: in the case of Louisville and Nashville R. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812, a count was held good which alleged that the employee in charge of the train of defendant's railroad so negligently managed it that the engine ran against plaintiff's intestate at a public road crossing, proximately causing his death. It is said that such a count justified primary or subsequent negligence. The facts alleged showed a duty to use due care not to run its engine against deceased, but that it negligently did that very thing. It need not allege in what respect it was negligent. Louisville and Nashville R. R. Co. v. Sunday, 254 Ala. 299, 48 So.2d 216; Kendrick v. Birmingham Southern Ry. Co., 254 Ala. 313, 48 So.2d 320.

The charge we are dealing with is not limited to original contributory negligence but any negligence of plaintiff which proxi-

mately contributed to the injury. A special plea under Rule 37 in such broad terms would not be good because it does not allege what plaintiff negligently did or failed to do, and a charge in such broad terms would not be good when based upon a special plea which must specify the duty which is negligently breached. It is good based on a plea in short by consent which does not specify the duty that was breached. Therefore, the charge need not do so. It will be observed that the charge, which we have quoted and which we are considering, has application only by its terms to count "A", which is a simple negligence count.

■ Charges predicated upon the basis of the negligence of the plaintiff, being the *sole* proximate cause of his injury and damages, have been discussed in many of our cases. There may be expressions in some of those cases which if here applied would lead to a different conclusion from that expressed above, but we do not find where there has been a case involving such a charge as we are now considering, holding that it was error to give such charge applicable to a simple negligence count which also included subsequent negligence and where the plea of contributory negligence was by consent in general terms.

But our cases have consistently held that a charge involving sole proximate cause should not be given either in a negligence or wanton count because it is said that thereby initial negligence is given attention and it leads the jury to disregard the issues of wanton or subsequent negligence (which this writer thinks is a farfetched conclusion). In the case of Seitz v. Heep, 243 Ala. 372, 10 So.2d 148, the Court did not change that status of the law, but expressed the opinion of some of the justices that the charge was misleading at most and should be subject to refusal without error. The Court did not so hold, but maintained the principles declared in our various cases, supra. Boyette v. Bradley, 211 Ala. 370, 100 So. 647; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

However, the question was left open as applied to subsequent negligence in the case of Williams v. Wicker, 235 Ala. 348, 179 So. 250. And in the case of Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4, the refusal of the sole proximate cause charge was justified, it was said, because there was an issue of wantonness.

It is to be admitted that the status of our decisions is very uncertain and unsatisfactory with respect to a sole proximate cause charge of contributory negligence, especially applicable to an issue of subsequent negligence. It is the opinion of the writer, as was expressed by Justice Bouldin in the case of Seitz v. Heep, supra, that, in the consideration of the question, the Court has not given proper consideration in sole proximate cause charges to the fact that the contributory negligence of the plaintiff must be the *sole proximate cause* of the injury. That excludes all other causes. However, it is not necessary to make any modification of those opinions as they have been reaffirmed by this Court time and again, with the whole Court considering the question. But the principle has not been applied to a charge which merely instructed the jury, as here, on a plea in short by consent, that if the plaintiff was negligent, which proximately contributed to cause his injury and damages, the verdict should not be for the plaintiff. This for the reason, which we have stated, that the proximate causation involved is the controlling quality of that factor of the instruction.

We do not think it is necessary to discuss other matters in the motion for a new trial. The trial court eliminated those grounds which were based on the insufficiency of the evidence. We do not think the trial court was justified in granting a new trial, and the judgment doing so is reversed and the original judgment for defendant reinstated.

Reversed and rendered.

BROWN, SIMPSON and STAKELY, JJ., concur.

## On Rehearing.

FOSTER, Justice.

Our attention has been called to a failure on our part to respond to the conten-

tion made by appellee that the motion for a new trial was properly granted by the court by reason of certain remarks made by appellant's counsel on the trial of the case. The first of those contentions is thus stated in the record:

"Mr. Cole: Whether there be a discount to his insurance company or not, the car was repaired, and is repaired. I don't know what the facts are behind it as to arrangements one way or the other.

"Mr. Emond: We object to that, if the court please.

"The Court: What is it?

"Mr. Emond: About the car, there is no evidence as to any arrangement, except that this man has to pay for it.

"The Court: I will sustain the objection.

"Mr. Emond: I would like for the court to instruct the jury that it is highly improper, and has nothing to do with the case.

"The Court: Gentlemen, under the evidence in the case—

"Mr. Emond: Judge, he stated there he didn't know where—

"Mr. Cole: We object to him stating things he doesn't know to the court.

"Mr. Emond: He is supposed to argue what he knows, if he knows anything.

"The Court: All right.

"Mr. Cole: There is a lot of this case that we both don't know.

"Mr. Emond: Let's argue what we know."

The record, on page 46, contains statement on direct and cross examination by Higgins, shop manager of Liberty Motors which repaired plaintiff's car. He testified to the extent of the repairs made on plaintiff's car and submitted an itemized statement showing separately the amount of the value of the parts used and of the labor. The statement of the value of the parts contained a credit by discount of $63.03. His direct and cross examination, referred to above, is as follows:

"Q. All right, sir. Was the amount that you have testified to there a reason-able charge for the work that was done on that car? A. Yes, sir. In other words, this amount was acceptable by the insurance company that carried the insurance on Mr. Carver's car.

"Q. Did you give a discount on that? A. Discount on the parts.

"Q. This was net after the discount was given? A. Yes, sir; that was the net figure.

"Mr. Emond: All right.

"On Cross Examination.

"Q. (By Mr. Cole) Mr. Higgins, you say that was made—is that a discount you gave the insurance company? A. Well, this discount shown on this estimate would be in the amount of sixty some odd dollars here. That was a discount on the parts. That is what is known as a fleet discount.

"Q. In other words, if he has an insurance company that takes care of his loss, you give him some kind of discount, and that was given in this case? A. A discount on those parts; yes, sir."

It appears that the court promptly sustained the objection which was made. This was a ruling that the remark was improper, whether it was or not. Whereupon counsel for appellee asked the court to instruct the jury that the remark made by appellant's counsel was highly improper and had nothing to do with the case, and it shows that the court was proceeding to respond to that request when counsel for appellee broke into what the court was saying and stopped him by making another observation, as will be seen from the record, which we have quoted. We presume that the court, in response to such request to instruct the jury would have done so satisfactorily if possible. There was no further action taken by counsel for appellee in respect to the matter. There was no motion made for a mistrial.

■ The rule has been established in this State that the motion for a new trial, based on alleged improper argument, should not be granted because "the remarks have merely a natural tendency to unfairly prejudice the other party's case." It is only where they are grossly improper and high-

ly prejudicial as that neither rebuke nor retraction can entirely destroy their sinister influence that a new trial should be granted on that account, when there was no exception in that connection theretofore reserved. Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 287, 61 So. 80; Louisville & Nashville R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760; Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876; Jackson Lumber Co. v. Trammell, 199 Ala. 536, 74 So. 469; Pryor v. Limestone County, 225 Ala. 540, 144 So. 18; Sinclair v. Taylor, 233 Ala. 304, 171 So. 728; Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640.

■ We have a line of cases which hold that in a suit for damages against a defendant it is highly improper for plaintiff's counsel to make any reference in argument to the fact that defendant has liability insurance on account of such claim, and that such remark is so highly prejudicial that its effect cannot be removed by any instruction which the court might make. Standridge v. Martin, 203 Ala. 486, 84 So. 266; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A.L.R. 1387. There are other cases which support that view, not necessary to cite here.

■ As we have shown the remarks made were by defendant's counsel and with reference to plaintiff, referring to the evidence that the discount to plaintiff was by reason of insurance to cover the damage to his car. We are not confronted by a situation where the matter of insurance is injected in the argument without any support from the evidence. First in response to plaintiff's questions and then to those of defendant, Higgins testified as to the meaning of the discount shown on the statement. Defendant had that right. It came out in his testimony that a discount on parts was allowed when there was insurance covering the loss. The remark of counsel was with reference to a discount to his insurance company. The evidence supporting it was without any limitation on its effect and without objection made to it. Being thus supported, the remark of counsel adds noth-

ing which was not already in the evidence, and therefore does not come within the influence of the principle stated above. Clark-Pratt Cotton Mills v. Bailey, 201 Ala. 333, 77 So. 995; W. T. Smith Lumber Co. v. McLain, 202 Ala. 32, 79 So. 370; Pittman v. Calhoun, 233 Ala. 450, 172 So. 263; Alabama City Products Co. v. Mathews, 220 Ala. 549, 126 So. 869.

In the case of Smith v. Baggett, 218 Ala. 227, 118 So. 283, 284, there was evidence given by plaintiff of an incidental remark made by defendant about seeing his insurance man. There was no objection to this by defendant. Plaintiff's counsel remarked in argument: "He (defendant's counsel) is willing to let evidence come in without objection that there was an insurance company involved." The trial court excluded the remark on motion of defendant. The court at first held that in doing so there was error. On rehearing a bare majority of the court held that the trial court did not commit reversible error, without explanation of their holding. This could very well have been because the remark of counsel was not justified by the evidence.

In the instant case we think the remark of counsel was justified by the evidence, but that is not the question here to be tried. The question is whether the remark improperly brought into the case the question of insurance in such manner that it could not be eradicated. We think, as we have said, that it did not.

■ Appellee also insists the action of the court in granting a new trial could be justified on account of a further observation made by defendant's counsel to the jury. In that connection the record shows the following (Argument by Mr. Cole for defendant):

"Officer Higginbottom testified in this case. He investigated as a representative of the City of Birmingham, and in his official capacity there as an officer of the city. He was subpoenaed by the plaintiff in this case; he was put on by them; he was their witness. I would have put him on, of course; they beat me to it, so to speak. He was put on by them, and then when his testimony starts to hurt—

"Mr. Emond: We object to that, if the court please, and move to exclude that.

"Mr. Cole: That is all right, I am talking about the evidence.

"Mr. Emond: Talking about being hurt, or doing something—

"Mr. Cole: I didn't say—

"The Court: I am trying to pass on the matter.

"Mr. Emond: I would like to keep him in the record. We put the police officer on the stand, and we examined him, thinking he was going to testify what he did three or four days after the accident.

"Mr. Cole: Which he did, too.

"Mr. Emond: Which he didn't do. Then, may it please the court, there after he has been put on the stand, he is talked to by the representatives of the Birmingham Electric Company, and put back on his—

"The Court: Gentlemen, the attorneys may argue a reasonable inference, or his recollection of the evidence. If his recollection about—

"Mr. Emond: Not how he feels about some evidence.

"The Court:—if his recollection doesn't agree with the other attorney's recollection, you are the one to decide that.

"Mr. Emond: Does the court say it doesn't hurt—he is talking about the effect on my mind; that is highly improper, and he should know it.

"The Court: It has been held that you can't read the other lawyer's mind to the jury.

"Mr. Emond: Sometimes they can't read their own."

There appears to have been no ruling by the court upon the objection which was made, nor is there an insistence there was such a ruling.

We do not think the remark of counsel which is quoted was of such nature as to justify the court in granting a new trial on account of it under the circumstances.

With respect to the matter discussed in the foregoing original opinion as to which objection is also made in the application for rehearing, all we have to say is that we continue to entertain the views expressed above, and we see no necessity to modify or extend the discussion of the question.

We believe we have given attention to the features of the application for rehearing which are stressed by counsel in brief, and we find nothing varying the conclusion which we previously reached.

The application for rehearing is therefore overruled.

All the Justices concur.