82 So.2d 904

**James G. CHASTAIN**

v.

**Frank BROWN.**

**6 Div. 525.**

Supreme Court of Alabama.

March 24, 1955.

Rehearing Denied Nov. 3, 1955.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This suit for personal injuries was commenced in the Circuit Court of Jefferson County, Alabama.

The complaint, as amended, consists of two counts. Count 1 charges simple negligence; Count 2 charges wanton conduct. Subsequent to defendant's demurrer to the complaint being overruled by the trial court, defendant pleaded in short by consent the general issue, with leave, etc.

The first two trials of this action resulted in mistrials; the jury, in each instance, having been unable to agree.

A third trial was had upon the pleadings as previously settled. It resulted in a verdict and judgment for plaintiff in the amount of $10,000. While submitting the case to the jury, the trial judge charged out Count 2, the wanton count.

Defendant seasonably filed a motion for new trial, which was overruled. Thereafter, appeal was taken to this court.

The accident occurred on Public Highway No. 38, at approximately 8:00 p. m. Shortly prior to the collision, the motor of plaintiff's automobile stopped because of mechanical difficulties. The evidence shows that the plaintiff then unsuccessfully tried to start his car. Thereafter, plaintiff and his wife began pushing the automobile; the plaintiff pushed from the left side of the automobile next to the steering wheel, while his wife pushed from the rear of the vehicle. The automobile, however, failed to start. According to the evidence, plaintiff and his wife then angled the car towards the right shoulder of the highway in an attempt to remove the vehicle from the paved portion of said roadway. Plaintiff then sat in the stationary automobile, behind the steering wheel, while his wife stood upon the right shoulder of the highway with the intent of signaling any passing motorist for aid.

Proceeding in a general southerly direction, the same direction in which plaintiff's automobile had been headed prior to its mechanical failure, the Oldsmobile of the defendant ran into the rear of plaintiff's Ford. Said collision seriously injured the plaintiff.

The evidence is in irreconcilable conflict as to whether or not plaintiff's automobile was on the paved portion of the highway when the collision occurred, and as to whether or not any lights on the same

were burning at that time. In short, sufficient evidence was submitted from which the jury reasonably could have found primary negligence, contributory negligence and subsequent negligence. Each of said issues was a jury question.

■ Assignment of Error No. 3 is directed to the trial court's refusal of defendant's requested written Charge No. 21. Said charge reads as follows:

"21. The Court charges the jury that Title 36, Section 46(b) of the 1940 Code of Alabama, as last amended, reads as follows:

"'(b) Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended, during the hours between a half hour after sunset and half hour before sunrise and there is not sufficient light to reveal any person or object within a distance of five hundred (500) feet upon such highway, such vehicles so parked or stopped shall be equipped with one or more lamps which shall exhibit a white light on the roadway side visible from a distance of five hundred (500) feet to the front of such vehicle and a red light visible from a distance of five hundred (500) feet to the rear. The foregoing provision shall not apply to a motor driven cycle.'

"The Court further charges the jury that a violation of said section of the Code of Alabama is negligence as a matter of law, and if you are reasonably satisfied from the evidence that on the occasion mentioned in plaintiff's complaint, the plaintiff violated said section of the Code of Alabama and that such violation, if any, proximately contributed to his alleged injuries and damages then you cannot return a verdict in favor of the plaintiff and against the defendant under Count 1 of the complaint."

Clearly, under the authority of Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200, said Charge No. 21 should have been given by the trial judge. In Birming-

ham Electric Co. v. Carver, supra, the primary contention made on appeal also concerned a charge of contributory negligence. That action, too, was based upon an automobile collision. Count A, to which the charge there under consideration related, was a simple negligence count, as is Count 1 of the present controversy. In that case, as in the present action, the pleading was in short by consent. The charge there ruled upon was the following:

"If you are reasonably satisfied from the evidence in this case that plaintiff was himself guilty of negligence which proximately contributed to cause his injuries and damages on the occasion complained of, you cannot return a verdict for the plaintiff under count A of the complaint."

Consideration of the latter charge was given on the assumption that the evidence made a question for the jury as to subsequent negligence of defendant, as is true concerning the evidence of the instant case. There, as is the case upon this appeal, the specific inquiry was whether the charge of contributory negligence was applicable to a count (of simple negligence) which includes subsequent negligence, the evidence being sufficient for a jury to reasonably find the latter.

We held that the charge under consideration in Birmingham Electric Co. v. Carver, supra, was a proper charge. It necessarily follows, therefore, that defendant's requested Charge No. 21 was a proper charge in the instant case, and that said charge did not ignore the issue of subsequent negligence.

The instant charge and the charge in Carver's case cannot be distinguished upon their wording, as both are phrased in the same manner.

Tyler v. Drennen, 255 Ala. 377, 51 So. 2d 516, 519, is further authority for our conclusion. There, we considered the following charge:

"'B. I charge you, Gentlemen of the jury, that before the plaintiff will be entitled to recover for any damag-

es or injuries suffered in the accident complained of for negligence based on a violation of a statute or ordinance with reference to speed in a residential section, such speed must have been the proximate cause of the collision.' "

This court, speaking through Justice Stakely, declared:

"Assignment 9. There was no error in giving charge B at the request of the appellee. It confines itself to count 1 by its own language. The charge *does not ignore the issue of subsequent negligence*. This charge predicates a recovery for negligence in the fact that it was the proximate cause of the collision. This includes subsequent negligence. If the negligence is the proximate cause of the collision, it is so whether it is primary or subsequent negligence which is shown by the evidence. Birmingham Electric Co. v. Carver, [255 Ala. 471] 52 So.2d 200."

We think it clear, therefore, that defendant's requested written Charge No. 21 does not ignore the evidence tending to show subsequent negligence, and that appellee's argument to the contrary is without merit.

Appellee further contends that no error was committed in the trial court's refusal of said charge inasmuch as the lower court granted defendant's requested written Charge No. 39. We are unable to agree with appellee's contention. Charge 21 and Charge 39 are, in substance, quite different. Charge 39 begins in the same manner as does Charge 21 by quoting Tit. 36, § 46 (b), Code of Alabama 1940, as amended by Act No. 517, Gen.Acts 1949, p. 770.

Thereafter, however, Charge 39 states:

"The Court further charges the jury that a violation of said section of the Code of Alabama is negligence as a matter of law, and if you are reasonably satisfied from the evidence that on the occasion mentioned in plaintiff's complaint the plaintiff violated said section of the Code of Alabama and that such violation by him, if any, proximately contributed to cause his injuries and damages, then you cannot return a verdict in favor of the plaintiff and against the defendant, *unless you are further reasonably satisfied from the evidence that the defendant was guilty of subsequent negligence.*" (Emphasis added.)

██ The underlined portion of Charge 39, which is not present in Charge 21, clearly distinguishes said charges. Stated as it is, Charge 39 is misleading. It is incomplete. Upon reading Charge 39, a jury could very reasonably conclude that a finding of subsequent negligence, after findings of primary negligence and contributory negligence, should bring their consideration of the evidence to an end. Manifestly, the separate and essential element of proximate causation has been ignored in Charge 39 in so far as subsequent negligence is concerned. A finding of subsequent negligence alone, that is, without a finding that such subsequent negligence proximately contributed to cause the injuries and damages alleged, matters not in the least. To be of any significance, subsequent negligence must proximately contribute to cause the injuries and damages complained of. In short, the whole question of last clear chance or subsequent negligence concerns *causation*. Birmingham Electric Co. v. Carver, supra.

We have also considered defendant's given Charges Nos. 19 and 37. Patently, their substance is not that of refused Charge 21. In conference, we have examined the court's oral charge and are to the conclusion that it does not substantially and fairly cover defendant's refused Charge No. 21.

Having assiduously examined the complete record of this case, we conclude that the trial court did err in its refusal of defendant's requested Charge 21, and that said error did prejudice appellant's cause.

██ In Assignment of Error No. 2, appellant further contends that the trial court committed reversible error in its refusal of defendant's requested written Charge No. 15. Said charge is stated as follows:

"15. The Court charges the jury that the fact that plaintiff's car be-

came stalled on the highway would not excuse the plaintiff in parking or leaving his car standing on the highway or shoulder adjacent thereto without proper lights being displayed on it."

Contrary to appellee's contention, Charge 15 is based solely upon Tit. 36, § 46(b), supra. Charge 15 is not dependent upon Tit. 36, § 25(c), Code of Alabama 1940, as amended by Act No. 658, Gen.Acts 1939, p. 1033. It is predicated upon plaintiff's automobile having been either on or off of the paved portion of Public Highway 38 at the time of the collision. Clearly, the charge is not predicated upon plaintiff's car having been on the highway, the words of said charge being "on the highway or shoulder adjacent thereto." Therefore, defendant's given Charges 16, 29 and A, which relate to locations of parked vehicles and excuses therefor, do not concern the substance of refused Charge 15, which relates to the lighting of parked vehicles.

Cosby v. Flowers, 249 Ala. 227, 30 So.2d 694, 695, elucidates the application of Tit. 36, § 46(b), supra. There, we stated the following:

" * * * Our statute makes provision and allowance for enforced temporary stoppage of a motor vehicle upon a highway—Subdiv. (c) of section 25, title 36, as amended, Code—but expressly provides that such provision for temporary parking is subject to the rule requiring lights on parked vehicles, as found in section 46, title 36, supra. * * * "

Clearly, defendant's requested Charge 15 was a proper charge. We think it evident that said charge was requested in order that the jury should be informed of the statutory interpretation of Tit. 36, § 25(c), supra, and that of Tit. 36, § 46(b), supra, as set forth in Cosby v. Flowers, supra. True, defendant's given Charges 19 and 37 do direct the jury that a violation of Tit. 36, § 46(b), supra, would be negligence as a matter of law. However, neither of said charges, nor the oral charge of the court, set forth the interpretation of the two aforesaid statutes, as is elaborated upon in Cosby v. Flowers, supra.

In our opinion, the defendant was entitled to requested Charge 15—to make clear to the jury the application of Tit. 36, § 46(b), supra. We conclude, therefore, that the refusal of said charge did constitute error.

■ As stated previously, the first two trials of this case resulted in mistrials, both juries having been unable to agree. During the third trial, that from which appeal was taken, plaintiff, appellee, offered in evidence the entire testimony of one Dr. Weisbach taken upon the first trial. Dr. Weisbach had testified during the first trial and during the second trial. Prior to the third trial, he apparently left Alabama, and moved to Texas. During the third trial, defendant stated that he did not object to the admission of Dr. Weisbach's testimony taken upon the second trial, but did object to the evidence offered, that taken upon the first trial, on the grounds that said evidence offered was not the best evidence, that it was not the doctor's most recent testimony, that it was not in accord with the doctor's most recent testimony, and that it was irrelevant, incompetent and immaterial. The lower court overruled defendant's objections, stating that plaintiff was entitled to introduce the testimony of the doctor on either or both previous trials. The trial court also stated, however, that defendant could, in rebuttal, offer any testimony of the doctor without laying a predicate therefor. Defendant then claimed that such procedure would place upon him the expense of offering further testimony of the plaintiff, and excepted to the lower court's ruling.

On appeal, appellant argues that said ruling of the trial court "violated what Wigmore has described as 'The rule of compulsory completeness.'" As authority for his contention within this jurisdiction, appellant cites Gildersleeve v. Caraway, 10 Ala. 260, and Magee v. Doe ex dem. Hallett & Walker, 22 Ala. 699. Having examined those cases, however, we are of the opinion that they are inapplicable to this appeal.

Appellant's argument stems from the rule that the whole testimony of a witness at a former trial must be introduced in evi-

dence. Upon consideration of its origin and practical application, we think that said rule is satisfied when the *entire testimony* of a witness *on a former trial* is received in evidence—that is, direct examination, cross-examination, if any, redirect examination, if any, and recross-examination, if any. Argument to the effect that a plaintiff, in order to introduce the testimony of a witness upon a first trial, must also introduce the testimony of such witness upon a second trial is quite another proposition in our judgment. Appellant has cited no case which is authority for the latter proposition. Furthermore, an extensive search on our part has revealed no such holding. We think, therefore, that Assignment of Error No. 6 cannot be sustained.

Assignment of Error No. 8 is based upon the fact that the trial court allowed plaintiff to place in evidence a scale drawing made by Mr. J. L. Jordan, an engineer-draftsman in the employ of Jefferson County, Alabama. The evidence shows that witness Jordan had been employed by said county as an engineer-draftsman for approximately seven years. Jordan qualified as an expert in the field of scale drawings.

Appellant emphasizes the fact that Jordan's labors took place almost two years after the accident in controversy. Concededly, slight changes in the construction of the road had been made between the time of the accident and the time when Jordan took the measurements upon which said drawing was based. The latter fact, however, fails to render the drawing inadmissible. See Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548. Appellant also contends that Jordan's knowledge as to the locus in quo was based upon hearsay information, and that the method in which Jordan made the measurements at the alleged scene was highly dubious. Having thoroughly examined the record, we are of the opinion that the lower court did not abuse its discretion in those respects. The scale drawing, in our judgment, was admissible. Humes v. Bernstein, 72 Ala. 546. Thus, we conclude that Assignment of Error No. 8 is not well taken.

Assignment of Error No. 7 concerns the admission in evidence of a certain landscape model, plaintiff's exhibit 1A. Error did not result from its admission.

Because of the errors previously discussed, however, the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur.